SOLOMON BLUE, Plaintiff in Error, *v.* WILLIAM LEATHERS, Defendant in Error.

ERROR TO GALLATIN.

Where two parties agree, that one shall furnish a farm and a certain amount of teams and labor, and the other shall give labor and manage the farm, and the crop to be divided between them, such an agreement does not constitute a partnership.

CAUSE heard before MARSHALL, Judge.

R. S. Nelson, for plaintiff in error.

R. F. Wingate, for defendant in error.

Scates, J.    By consent the parties employed a third person to state their accounts and strike a balance between them; both parties rendered their accounts accordingly, and the balance was ascertained and announced to the parties, without exception to it by either, or any express promise to pay by Blue, against whom a balance of $87.97 was found. Before separating, they agreed that a small item of some four or five dollars had been overlooked, and Leathers agreed to adjust it when the balance was paid.

This settlement was proven upon the trial, and at the instance of Leathers the court instructed the jury that an action would lie upon it, without an express promise to pay the amount found by it.    To this instruction objection is made here, on the ground that the evidence established a partnership between the parties in the matters of account taken into that settlement, and therefore an express promise to pay the balance was necessary, to sustain an action at law.    This court has so decided in Chadsey *v.* Harrison, 11 Ill. R. 156, and in Davenport *v.* Gear et al., 2 Scam. R. 498; and also in New York, Casey *v.* Brush, 2 Caines, R. 295; Westerlo *v.* Evertson, 1 Wend. R. 533.    An express promise is necessary to sustain an action at law, for such a partnership balance.    But this rule has no application to this case; the question as to the existence of a partnership was submitted to the jury, among others, and from a general verdict for plaintiff, we may infer that they found for the plaintiff on this ground also, unless misled by the instruction of the court, as applicable to partnerships.    But even in this point of view it would be erroneous only as an abstract proposition, for the testimony very clearly shows there was no partnership.    There was a joint interest only.    Blue agreed to furnish his farm and a certain amount of teams and labor. Leathers was to labor and manage the tillage, and the parties were to divide the crop in the proportion of two thirds to Blue, and one third to Leathers.    This does not constitute a partnership, although it is a joint enterprise.

Here is no trading, no risks, no contingent profits, but simply an agreement for joint tillage, and a division of the produce of the farm in kind.    Instead of making this division in kind, Blue, by the request of Leathers, sold Leathers' part of this crop along with his own.    The settlement between the parties included a division of the purchase-money, and items of expense

in the tillage, harvesting, and marketing the crop, together it may be with other matters not embraced within the contract. The parties did not go into proofs upon the trial, as to all the items embraced in this settlement, and we are therefore unable to say that the computation of the jury is erroneous and contrary to the evidence. The witness who bought the crop and made he settlement states the balance found and the amount he paid on the crop at that time, but does not state that it was for the whole or only a part, or whether he paid any part before. The items and their respective amounts are not given us. At the time he made the settlement he paid $150, one third of which would make Leathers' part only $50; yet the balance amounted to $87.97; showing the necessity of introducing full proof, to enable us to recompute the account in order to detect an error in the computation of the jury. There were some few items in proof before the jury not included in that account, and which, doubtless, reduced the verdict below the amount of the settlement; but we are unable from the proofs in the record to determine that there was error in the record.

Judgment affirmed, with costs.

*Judgment affirmed.*