## ·JOHN ROSE *vs.* CHARLES BUSCHER.

*Farming Land on Shares—Partnership—Set-off—Limitations.*

The fact that two persons agree to farm land on shares, and one of them agrees to expend a certain sum of money in the farming operations, does not constitute a partnership.

If one party agrees to work on the farm of another for a share of the crops, he is not entitled to recover wages.

Plaintiff entrusted a sum of money to the defendant to be deposited for him in bank, the parties being at the time engaged in farming on shares land belonging to the defendant. In an action to recover such sum, the defendant is entitled to deduct only such amounts as he has paid by the authority of the plaintiff, and is not entitled to deduct payments made by him on account of the farming operations, which are barred by limitations.

Appeal from the Superior Court of Baltimore City. This was an action of assumpsit, brought by the appellee against the appellant. The plaintiff testified that in the spring of 1887 he agreed to work for the defendant on his farm for the sum of twenty dollars and thirty dollars per month, payable alternately, and continued so to work until October, 1888, the defendant agreeing to deposit the wages so earned in bank for the plaintiff; that in September, 1887, he received from Europe the sum of $936, which he handed to defendant to deposit in the savings bank for him, and that of said sum of $936 and said wages so earned, he had only received from defendant the sum of $185.95; and further offered evidence tending to show that $25 a month was a reasonable rate of wages for the work done by him.

The defendant testified that he and the plaintiff agreed to work the defendant's farm on shares; that nothing was said

about wages, but each party was to receive one-half of the proceeds; that the sum of $936 delivered to him by the plaintiff was to be invested in the farm work.

The set-off claimed by the defendant was for one-half of the amount expended by him for horses, farming implements, wages and board of laborers, etc., in conducting the farming operations, and according to the defendant's account the plaintiff was indebted to him.

The following prayers offered by the plaintiff were granted by the Court below (RITCHIE, J.):

*Plaintiff's First Prayer.*—The plaintiff prays the Court to instruct the jury, that if the jury believe from the evidence that the plaintiff, in September, 1887, received from abroad the sum of $936.00, and allowed the defendant to take charge of the same for him; and further believe from the evidence that the defendant employed the plaintiff to manage the farm of the defendant, and the defendant agreed to pay the plaintiff therefor the sum of twenty dollars the first month and the sum of thirty dollars the second month, and to alternate each month by the payment of twenty dollars and then thirty dollars; and further believe that under this arrangement the plaintiff managed the farm of the defendant for the period of seventeen months, viz., from May, 1887, to October, 1888; and that this was the only agreement between the plaintiff and defendant; and if the jury further believe that the only sums paid to or for the plaintiff by the defendant are the sums of $100.00, paid on December 7th, 1887; $4.10 on May 28th, 1887; $4.00 on May 28th, 1887; $3.10 on March 6th, 1888; $2.25 on May 26th, 1888; 50 cents on June 23rd, 1888, and $40.50 on October 16th, 1888, then the plaintiff is entitled to recover the said sum of $936.00, together with the wages at the rate and for the time above mentioned, less said sums paid by the defendant to or for the plaintiff as above set out, and the jury may allow interest or not, in their discretion.

*Plaintiff's Third Prayer*—(Granted with Defendant's Fifth).—The plaintiff prays the Court to instruct the jury,

that even though they believe from the evidence that the defendant and the plaintiff entered into the arrangement to work the defendant's farm on shares, as testified to by the defendant ; and shall further believe that under said arrangement the plaintiff became indebted to the defendant, still, under the pleadings in this case, the jury are not allowed to deduct such indebtedness, or any part thereof, from the sum of $936.00 left by the plaintiff in the possession of the defendant in September, 1887 (if they find such so to have been left), but they are instructed that the plaintiff is entitled to a verdict for said sum, after deducting therefrom the credits allowed in the plaintiff's first prayer, together with such additional sum of money, if any, as the jury shall find the defendant gave or returned to the plaintiff, or expended by his authority (except so far as the latter may be barred by the prayer on limitations), with interest or not, in the discretion of the jury.

*Plaintiff's Seventh Prayer.*—The plaintiff prays the Court to instruct the jury, that under the pleadings, bill of particulars of the set-off and evidence in the case, the jury, in making any deduction from the plaintiff's claim as found by them, can only deduct therefrom such of the items as are set forth in the defendant's bill of particulars as from the evidence the defendant may be entitled to and not excluded from their consideration by the instruction on limitations ; and the jury are further instructed that this prayer does not apply to any payments that the jury may find the defendant has made to the plaintiff, the defendant being entitled to a credit for whatever payments he may have made to plaintiff, and for clothing, &c., admitted by the plaintiff to have been received.

*Plaintiff's Eighth Prayer.*—The plaintiff prays the Court to instruct the jury, that even if the jury believe from the evidence that there was no special contract to pay the plaintiff wages as testified to by the plaintiff, still, if the jury believe that the plaintiff worked for the defendant at his request on his, the defendant's farm, and the defendant

accepted his work, then the plaintiff is entitled to recover from the defendant a reasonable compensation for his work, provided the jury believe there was no agreement to work the place on shares, as testified to by the defendant. And in estimating the compensation to be paid to the plaintiff for his work, the jury can consider what wages like work brought in the neighborhood.

*Court's Instructions on Limitations in Lieu of Plaintiff's Fourth and Fifth.*—That under the pleadings and uncontradicted evidence there being no evidence of any new promise, the defendant is not entitled to deduct or set-off for the moneys alleged to have been paid for the two cows, or for any clothing, etc., except such as is admitted by plaintiff, or for board of plaintiff, or for the Keck family, or of the Russian laborers.

The defendant offered the following prayers:

*Defendant's First Prayer*—(As Offered).—If the jury believe from all the evidence in the case that the defendant owned the farm mentioned in the evidence, in Anne Arundel County, and that it was agreed between him and the plaintiff that they should farm it on shares, and if they believe that no accounting has been had between the said plaintiff and the said defendant of the transactions growing out of said agreement; and if they further find that any claim the parties to this action may have against each other grows out of said agreement, then the plaintiff cannot recover in this action.

*Defendant's First Prayer*—(As Granted.)—If the jury believe from all the evidence in the case that the defendant owned the farm mentioned in the evidence, in Anne Arundel County, and that it was agreed between him and the plaintiff· that they should farm it on shares, and if they believe that no accounting has been had between the said plaintiff and the said defendant of the transactions growing out of said agreement, then the plaintiff cannot recover in this action in respect to his claim for wages.

*Defendant's Second Prayer*—(As Offered.)—Even if the

jury does not find that the agreement between the plaintiff and defendant was that the farm should be worked on shares ; yet, if they find that the defendant has by payments of cash to the plaintiff, and by expenditures made on his behalf by his authority or assent from time to time, discharged the $936 received from plaintiff in 1887 ; and if they further find that the plaintiff is not entitled to wages, then the plaintiff is not entitled to recover.

This prayer granted with the following addition : " Provided that no deductions are to be allowed of any items mentioned in the prayer on limitations given by the Court."

*Defendant's Fifth Prayer*—(As Offered).—The defendant prays the Court instruct the jury, that if they believe that the plaintiff and defendant agreed to farm the property of the defendant on shares, as testified by the defendant, and that the defendant was authorized by the plaintiff to use such portions of the proceeds of the draft referred to as might be needed to pay his share of such farming expenditures ; and if they further find that said defendant also paid at various times sums of money on account of and for said plaintiff, by his authority or assent, and also paid him at various times cash, then, for such expenditures for said farming operations as defendant may have made under the said authority, and for such other expenditures and pay-, ments of cash made for and to said plaintiff, the defendant is entitled to a deduction from the $936, proceeds of draft ; if they shall find the same was so handed to defendant, and if such payments by the defendant exceed the said sum of $936, then their verdict must be for the defendant.

This prayer was granted with the following addition : " Provided that no deduction should be made for any of the alleged items of set-off mentioned in the instruction ' on limitations."

*Defendant's Sixth Prayer*—(Rejected).—If the jury believe that the plaintiff and the defendant agreed in 1887 to farm the property of the defendant mentioned in the evidence on shares, and if they believe that the plaintiff sent

for $936.00 to Europe, with the understanding and agreement with the defendant that it was to be used in the enterprise, and that when the money was received from Europe the arrangement and understanding between the plaintiff and the defendant was that it was to be so used; and if they further find that no accounting has been had between the plaintiff and defendant of the transactions growing out of said agreement, then the plaintiff cannot recover in this action.

The defendant excepted to the granting of plaintiff's prayers and to rejection of his first prayer as offered, and to the modification of the same by the Court; and to the rejection of his second prayer as offered, and to the modification of the same by the Court; and to the rejection of his fifth prayer and to the modification of the same by the Court; and to the rejection of his sixth prayer. The jury returned a verdict for the plaintiff for $842, and the defendant appealed.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE and BOYD, JJ.

*Randolph Barton* and *Randolph Barton, Jr.* (with whom was *Skipwith Wilmer* on the brief), for the appellant.

*Richard M. Duvall* and *James P. Gorter,* for the appellee.

FOWLER, J., delivered the opinion of the Court.

The plaintiff sued the defendant in assumpsit on the common counts in the Circuit Court for Anne Arundel County. To this action the defendant pleaded payment and set-off, and filed with the latter a bill of particulars. The plaintiff pleaded limitations to defendant's plea of set-off, and upon the suggestion of the latter the case was thereupon removed to the Superior Court of Baltimore City, where, after several amendments of the defendant's pleadings, the case was finally tried before a jury on the common counts, to which

there was a general issue plea, a special plea of payment as to the fifth count, and a plea of set-off, and the plaintiff's plea of limitations thereto.   The verdict of the jury having been against the defendant, he has appealéd.   The rulings upon the prayers present the only questions for review.

The Court below granted five of the plaintiff's prayers, namely, the first, third, sixth, seventh and eighth, and gave an instruction as to the application of limitations to defendant's set-off.   The defendant's first, second and fifth prayers were each modified, and his sixth was rejected.

1.  The first prayer of the plaintiff is not objected to as granted, and all objections as to the sixth and eighth having been waived, we shall consider only the third and seventh.

It will be observed that the third was granted in connection with defendant's fifth prayer, and this being so, we are unable to see the force of the defendant's objection that he was, by the granting of this prayer of the plaintiff, deprived of the benefit of the evidence offered under the plea of payment.   Both prayers inform the jury that the defendant is entitled to a deduction from the plaintiff's claim for all sums of money which they shall find the former paid for the latter by his authority ; provided, that no deduction shall be made for any of the alleged items of set-off mentioned in the instruction on limitation.

The defendant, while conceding that limitations might be a bar to recovery for the items in the bill of particulars of his set-off, which are mentioned in the Court's instruction, suggests that such items cannot be barred when offered under the plea of payment, because limitations cannot be pleaded to payments.   Without discussing this proposition, it is sufficient to say that the record does not show that any evidence as to the items excluded by the Court's instruction was offered by the defendant for any purpose.   It may be assuméd, perhaps, by reason of the Court's instruction, that such evidence was offered in support of defendant's plea of set-off, but there is nothing before us to show that any such evidence was offered in support of the plea of pay-

ment.    On the contrary, to sustain his plea of payment, the
defendant offered an account of payments and disburse-
ments which discloses none of the items contained in his
bill of particulars of set-off.

2. The first prayer of the defendant was modified, and,
we think, properly so.    As offered, it sets forth the propo-
sition that an agreement to farm on shares constitutes a
partnership, and that therefore there can be no recovery in
this case, because there has been no accounting between the
plaintiff and defendant of the partnership transactions.    But
we suppose it can hardly be seriously contended that the
facts set forth in this prayer are sufficient to warrant us in
declaring, as matter of law, that a partnership existed be-
tween the parties.    It is true that after several times saying
that he and plaintiff agreed to farm on shares, the defendant
in his testimony once called the relation thus formed a part-
nership, but that did not make it so.    As modified by the
Court this instruction simply told the jury that if the parties
agreed to farm on shares the plaintiff could not recover in
this action anything for wages.

And so with regard to the sixth prayer of defendant,
which was rejected.    The fact that the parties agreed to
farm on shares, and that the plaintiff agreed to expend nine
hundred and thirty-six dollars in the farming operations
does not constitute a partnership.    The facts set forth in
this prayer are entirely consistent with the existence between
the parties of the relation of landlord and tenant.    *Blue* v.
*Leathers,* 15 Ill. 31 ; *Holloway* v. *Brinkley,* 42 Ga. 226.

What we have said in relation to the correctness of the
Court's instructions as to limitations applies to the second
and fifth prayers of defendant which were modified by the
Court by adding to each of them the proviso that no de-
duction from the plaintiff's claim should be made for any
of the alleged items of set-off mentioned in the instructions
on limitations.

An examination of this record shows that the, defendant
after making several amendments of his pleas, finally deter-

mined to rely for his defence on payment and his theory of partnership. He had, we think, the full benefit of all the evidence he offered to sustain these defences. Upon the whole record we are of opinion the case was fully and fairly presented to the jury, and we are not disposed to disturb their verdict. Finding no reversible error the judgment will be affirmed.

*Judgment affirmed.*

(Decided December 18th, 1894.)

