# JOHN TOMLINSON *vs.* ALONZO O. DILLE.

*Partnership—Sharing of Profits—Creation of Tenancy—Provision for Arbitration—As Excluding Action—Declaration on Contract.*

A contract of partnership cannot be enforced in a court of law until there has been a settlement of accounts between the partners.                                   p. 164

An agreement, self-described as a "contract of renting," purporting to "lease" defendant's farm to plaintiff for a specified period, transferring the farm to plaintiff's possession and committing its operation to him exclusively, and containing no provisions inconsistent with the theory that the relation of landlord and tenant was intended to be created, did not create a partnership, merely because it provided for a division of the profits between the parties, the Uniform Partnership Act expressly providing that no inference of partnership shall be drawn from the receipt of a share of the profits of a business, if received as rent.                        pp. 164-166

A provision, in a "contract of renting," that all differences arising under it should be settled by arbitration, does not divest the courts of jurisdiction of a controversy arising under the contract, in view of the rule that unless an agreement to arbitrate has been consummated by an award, it will not bar a suit at law or in equity.                          p. 167

A declaration upon a "contract of renting," alleging that there was a breach of the contract by defendant in regard to the payment of the amount to which plaintiff was entitled under its provisions, and that all the duties imposed thereby upon plaintiff had been fully performed, was a sufficient averment of a breach of the contract for the purposes of the initial pleading, a bill of particulars stating plaintiff's claim more specifically being obtainable on demand.                    p. 167

*Decided January 16th, 1925.*

Appeal from the Circuit Court for Anne Arundel County (Moss, J.).

Action by John Tomlinson against Alonzo O. Dille. From a judgment on demurrer in favor of defendant, plaintiff appeals. Reversed.

The cause was argued before Bond, C. J., Urner, Adkins. Offutt, Digges, Parke, and Walsh, JJ.).

*J. Wilson Ryon* and *Eugene P. Childs,* with whom was *Lansdale G. Sasser* on the brief, for the appellant.

*William J. Neale,* with whom were *George B. Merrick* and *A. Theodore Brady* on the brief, for the appellee.

Urner, J., delivered the opinion of the Court.

The appeal in this case is from a judgment for the defendant on his demurrer to the declaration, which alleged his breach of a written agreement under seal purporting to be a "contract of renting" between the defendant and the plaintiff, and providing for the lease by the former to the latter of a farm in Prince George's County for the term of one year from January 1st, 1919. It was stipulated in the agreement that the defendant should furnish the farm with the implements and live stock necessary for its proper use and cultivation, materials for the repair of the fences, and seed, lime and fertilizer in proper quantities; that the plaintiff should personally superintend the operation of the farm and supply all labor required for that purpose; that all livestock, hay, straw, fodder and grain in the cribs on the farm at the beginning of the term should be inventoried and valued at that time, and a similar inventory should be taken at the end of the year, and the plaintiff should be entitled to one-third of any increased value of such property shown by the second appraisement as compared with the first, and should make good one-third of any deficiency thus disclosed; that all crops, other than wheat, should be fed on the farm, and none of it,

nor any livestock, should be sold except by mutual consent; that the plaintiff should harvest, thresh and ship the wheat crop maturing in 1919 and receive one-third thereof as his compensation for that service and should sow an equal area in wheat for the succeeding crop free of charge and be paid a reasonable compensation for sowing in wheat any additional land which ought to be so used in the proper course of crop rotation; that the defendant should pay two-thirds and the plaintiff one-third of the blacksmith bill and certain other expenses incurred during the year; that the defendant might keep two horses on the farm and the plaintiff one, for their personal use, respectively, but the plaintiff's horse should be available for farm work if needed; that the plaintiff should have the right to obtain firewood for himself and his employees from the timber land on the farm, and they should have all vegetables raised by them in the gardens appurtenant to the houses which they occupied; that the plaintiff might keep not more than a specified number of chickens, but could not keep any turkeys, ducks or geese; that the contract was renewable by consent of the parties, and that at the end of the tenancy the plaintiff should "return" the farm to the defendant "in as good condition as he got it, ordinary wear and tear and the action of the elements excepted"; that the proceeds of the sale of livestock or produce should be paid to the defendant, who would make reasonable advances to the plaintiff from time to time if requested so to do, and the plaintiff should "receive as his share of the said rent one-third of the total of the net profits of the farming operations for the year"; and that all differences between the parties under the contract should be settled by arbitration.

It is alleged in the declaration that the agreement was continued in effect by successive renewals until December 31st, 1922, when the plaintiff, after having fully performed all of his contractual duties, surrendered the farm to the defendant, "together with all stock, grain and crops undivided as to the excess," but the defendant has refused "to make an inventory and pay over to the plaintiff his interest," and "to

make any settlement," as provided in the contract. For the alleged breach of the agreement the plaintiff claimed damages to the amount of $2,000.

The demurrer to the declaration stated the following objections:

1. That the contract sued on is one of partnership, and is, therefore, unenforceable in a court of law.

2. That it contains a covenant for arbitration, and no averment is made in the declaration of an offer by the plaintiff to resort to that method of adjustment.

3. That the declaration does not specify the stock and crops left undivided on the farm, or allege that they were in excess of the property of that nature which the defendant was entitled to have remain on the farm at the expiration of the final term.

The argument was chiefly devoted to the first objection assigned by the demurrer. If a partnership was created by the agreement stated in the declaration, this action at law cannot be maintained, as the fact that there has been no settlement of accounts between the parties is definitely averred. *Morgart v. Smouse,* 103 Md. 463. But we have been unable to conclude that a partnership was created by the contract in which the rights and obligations of the parties are defined. The question as to the nature of the contractual relations between them must be determined by their intent as expressed in their written agreement. It was self-described as a "contract of renting" and purported to "lease" the defendant's farm to the plaintiff for a specified period with provision for renewal by mutual consent. The demised property was transferred to the plaintiff's possession until the expiration of his "tenancy." The operation of the farm was committed exclusively to him during the original, or any renewal term, specified in the contract. All of its provisions are consistent with the theory that the relation of landlord and tenant was designed to be thereby created. It is true that the plaintiff was to receive, "as his share of the said renting," one-third of the total "net profits of the farming operations for the

year." But in thus providing for a division of the profits in the proportion of one-third to the plaintiff and two-thirds to the defendant, the contract did not convert into a partnership the entirely different relation which it specifically described. While the receipt of a share of profits is a fact from which it may be inferred that the recipient is a partner in the business producing the profits, yet it is expressly provided, in the statutory rules for determining the existence of a partnership, that no such inference shall be drawn if the profits were received in payment as "wages of an employee or rent to a landlord." Uniform Partnership Act, Code, art. 73A, sec. 7 (4).

In 20 *R. C. L.* 843, it is said: "There is virtual unanimity in the decisions that no partnership is created and no partnership liability incurred by a land owner when he rents land to a tenant and stipulates as in lieu of rent, or as additional to a specified rent, that he shall receive a part of the tenant's profits, provided he does not unite with the tenant in carrying on the business or acquire any other interest in such business. * * * For example, an agreement by a person to farm the land of another for a year, for one-half the products, each furnishing half the seed and stock, the farmer to furnish the implements and working animals and all the labor, and pay the road tax and half the other taxes, and to submit statements and settle quarterly, has been construed as amounting to a lease and not as establishing a partnership. * * * Sometimes an agreement between the owner of land and another who undertakes to farm it may amount merely to a contract for compensation for services instead of a lease. Yet the result is the same, and such an arrangement for the farming of the land will not constitute a partnership."

In 35 *C. J.* 955, cases are cited in support of the statement that: "If the relation of landlord and tenant otherwise exists, the mere fact that the owner is entitled to compensation measured by a portion of the profits does not change the relation of tenancy between the parties so as to create the relation of partnership, especially where there is no agreement to

share losses, or where the owner reserves no control over the premises."

It was held in *Sangston v. Hack,* 52 Md. 173, that a person employed in a business was not a partner in it simply because he received a certain percentage of the profits for his services. In *Rose v. Buscher,* 80 Md. 225, it was held that a partnership did not result from an agreement by the parties to farm on shares and for one of them to spend a certain sum of money in the farming operations.

In discussing the essentials of a partnership, in *Thillman v. Benton,* 82 Md. 64, this Court said that when two or more persons enter into an agreement for the purpose of carrying on a trade or business with the right to participate in its profits, "such a contract constitutes a partnership, unless there be other facts and circumstances which show that some other relation existed." It was also said by the Court in *Morgart v. Smouse, supra,* that if the parties "enter into such a contract as in the eye of the law constitutes a partnership, they thereby become partners whether they are designated as such or not in the contract."

In this case the agreement of the parties does not in its real effect create a relation different from that for which it purports to provide. Any significance in favor of a partnership status, which the stipulation as to the division of the profits might otherwise have, is neutralized by the express demise of the farm by the defendant for cultivation by the plaintiff under provisions appropriate to the relation of lessor and lessee. No participation by the defendant in the actual operation of the farm was contemplated, and the plaintiff was not required to share any resulting losses, except that he was "to make good" one-third of any deficiency in the value of all live stock and unsold produce at the end of the term of his tenancy as compared with the value of such property on the farm at the beginning of the term. In view of the contractual conditions referred to, and of the legal principles and statutory rule which we have stated, we must conclude that in providing for the division of the profits from the farming

operations, the parties did not intend to assume the responsibilities which a partnership would have involved.

The general provision in the contract that all differences arising under it between the parties should "be settled by arbitration" does not divest the court of its jurisdiction to determine the pending controversy.   It is a well-established rule that unless an agreement to arbitrate has been consummated by an award, it will not bar a suit at law or in equity with respect to the question agreed to be arbitrated.   2 *R. C. L.* 360; 5 *C. J.* 42, and many cases there cited.

The declaration alleges that there was a breach of the contract by the defendant in regard to the payment of the amount to which the plaintiff was entitled under its provisions, and that all of the duties imposed upon the plaintiff by the agreement have been fully performed.   This was a sufficient averment of a breach of the contract for the purposes of the initial pleading.   A bill of particulars stating the plaintiff's claim more specifically could have been obtained on demand.

> *Judgment reversed with costs and new trial awarded.*