SECURITY CONSTRUCTION CO., ET AL. *v.* DENNIS
MAIETTA & FRANK MAIETTA, D/B/A MAIETTA
TRUCKING & CONTRACTING COMPANY

[No. 642, September Term, 1974.]

*Decided March 18, 1975.*

The cause was argued before MOYLAN, GILBERT and MASON,
JJ.

*Frank L. Cowles, Jr.,* with whom were *Howard W. Gilbert,
Jr., Lewis, Wilson, Cowles, Cummings & Lewis, Ltd.* and
*Mackley, Gilbert & France* on the brief, for appellants.

*Howard D. Venzie, Jr.* and *Robert E. Kuczynski,* with

whom were *Pepper, Hamilton & Scheetz* on the brief, for appellees.

GILBERT, J., delivered the opinion of the Court.

This case makes its second appearance in the appellate courts of this State. It first emerged in the Court of Appeals as *Maietta v. Greenfield,* 267 Md. 287, 297 A. 2d 244 (1972). In that proceeding the Court dismissed the appeal and remanded the matter for arbitration [1] in accordance with the provisions of the written contract between the present appellants, Security Construction Company, et al., (Security) and Dennis Maietta and Frank Maietta, doing business as the Maietta Trucking and Contracting Company (Maietta), the current appellees.

As a result of the Court's remand the issues between the parties litigant were submitted to an arbitration panel that was formulated under the auspices of the American Arbitration Association. The panel met in Philadelphia, Pennsylvania, and heard evidence on January 9, 10, 22 and 23, 1974. The arbitrators, on March 14, 1974, ruled that Security "shall pay to . . . Maietta . . . the sum of One Hundred Seventy-seven Thousand, Nine Hundred Fifty-two Dollars ($177,952.00)." The arbitrators further determined that Security should pay the "administrative fees of the . . . Association." Copies of the arbitration award were mailed on the same date to counsel for the respective parties.

On April 24, 1974, forty-one days after the arbitration award had been handed down and mailed, Maietta filed, in the Circuit Court for Washington County, a "Petition to Confirm Arbitration Award and For the Entry of Judgment".[2] Judge Irvine H. Rutledge entered judgment in

---

1. According to Aristotle, arbitration is nothing new to the legal system. Aristotle said in *Rhetoric,* Book 1, Ch. 13: "The arbitrator looks to what is equitable, the judge to what is law; and it was for this purpose that arbitration was introduced, namely, that equity might prevail." For a scholarly discussion of arbitration, see Bel Pre Med. v. Frederick Contr., 21 Md. App. 307, 320 A. 2d 558 (1974), *cert. granted* by Court of Appeals September 11, 1974.

2. *See* Courts and Judicial Proceedings Article, §§ 3-227 and 3-228.

the amount of One Hundred Eighty Thousand, One Hundred Two Dollars ($180,102.00) [3] against Security, subject to Security's showing cause within fifteen days from service of the Order upon counsel for Security why the judgment should be stricken.

Security, on May 9, 1974, filed a "Bill For Injunctive Relief" against Maietta, in which it alleged that evidence had been educed during the arbitration hearing indicating that Security "was fraudulently induced by Maietta to enter into the contract" upon which the arbitration award was bottomed. Security asseverated that it had, on the preceding day, filed in the United States District Court for the District of Maryland an action against Maietta for rescission of the contract. Security requested the Circuit Court for Washington County to enjoin Maietta from pursuing efforts to enforce the arbitration award "until the issue of the validity of the contract . . . has been decided in the" federal court suit.

Subsequently, on May 29, 1974, slightly more than seventy-six days after the arbitration award had been made, thirty-five days after the petition to confirm the award had been filed by Maietta and twenty days in excess of the fifteen day deadline imposed in the show cause order of April 24, 1974, Security filed an "answer and motion to set aside arbitration award and deny entry of judgment thereon." The same date, Judge Rutledge, after having previously heard oral argument on May 13, 1974, the original show cause date, and having received briefs and motions, entered judgement against Security in the amount of One Hundred Eighty Thousand, One Hundred Two Dollars ($180,102.00). The judge, on June 12, 1974, denied Security's motion to set aside the arbitration award. Security has appealed to this court.

---

3. The difference between the One Hundred Eighty Thousand, One Hundred Two Dollars ($180,102.00) judgment and the One Hundred Seventy-seven Thousand, Nine Hundred Fifty-two Dollars ($177,952.00) award by the arbitrators is reflected in "administrative fees" paid by Maietta and for which reimbursement was claimed.

Courts Art. § 3-224, provides:

"(a) *Petition.* — (1) Except as provided in paragraph (2), a petition to vacate the award shall be filed within 30 days after delivery of a copy of the award to the petitioner.

(2) *If a petition alleges corruption, fraud, or other undue means it shall be filed within 30 days after the grounds become known or should have been known to the petitioner.*

(b) *Grounds.* — The court shall vacate an award if:

(1) An award was procured by corruption, fraud, or other undue means;

(2) There was evident partiality by an arbitrator appointed as a neutral, corruption in any arbitrator, or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers;

(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown for the postponement, refused to hear evidence material to the controversy, or otherwise so conducted the hearing, contrary to the provisions of § 3-213, as to prejudice substantially the rights of a party; or

(5) There was no arbitration agreement as described in § 3-206, the issue was not adversely determined in proceedings under § 3-208, and the party did not participate in the arbitration hearing without raising the objection.

(c) *When award not to be vacated.* — The court shall not vacate the award or refuse to confirm the award on the ground that a court of law or equity could not or would not grant the same relief." (Emphasis Supplied)

Security, here, contends that the arbitration award could not be confirmed or considered final because of an unresolved issue of fraudulent inducement and that Security

had an absolute right to have that issue determined. The fallacy in Security's reasoning is that while it had those rights, as is obvious from a reading of the above quoted § 3-224, it did not avail itself of them.

"Fraudulent inducement" means that one has been led by another's guile, surreptitiousness or other form of deceit to enter into an agreement to his detriment. While Courts Art. § 3-224 (a) (2) does not specifically refer to "fraudulent inducement", we think the legislative use of the phraseology "corruption, fraud or other undue means" to be sufficiently broad to include "fraudulent inducement" within its ambit. Fraudulent inducement to enter into a contract that is governed by the "Maryland Uniform Arbitration Act" [4] does not give rise to a separate and distinct cause of action without the scope of the provisions of the Act, unless it can be shown that the arbitration clause itself was induced by fraud. *Atcas v. Credit Clearing Corporation of America,* 292 Minn. 334, 197 N.W.2d 448 (1972). *See also Prima Paint Corp. v. Flood & Conklin Mfg. Co.* 388 U. S. 395, 87 S. Ct. 1801, 18 L.Ed.2d 1270 (1967), where it is stated at 403-4:

> ". . . [I]f the claim is fraud in the inducement of the arbitration clause itself — an issue which goes to the 'making' of the agreement to arbitrate — the federal court may proceed to adjudicate it. But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally."

Security's claim of fraudulent inducement is directed toward the contract generally. It alleges that it would not have entered into the contract had it known of the existence of a certain performance bond.[5] As we see it, absent a claim that

---

4. Courts Art. § 3-234 provides that the Act may be so cited.

5. Security's argument relative to the performance bond leaves much to be desired. It claims to have signed the contract because Maietta led it into believing that he was having trouble obtaining the performance bond that he had already obtained. Security states that if it had known of the existence of the bond it would not have signed the contract without that bond. How under the circumstances Security is injured is difficult to comprehend.

the fraudulent inducement pertains to the arbitration clause itself, an attack on an arbitration award on the ground that the contract upon which the award is based was fraudulently induced, must be brought solely in accordance with Courts Art. § 3-224 (a) (2). Security's filing of the suit for rescission in the U. S. District Court and its aborted effort to secure injunctive relief in the Circuit Court for Washington County appear to us to be a flagrant attempt to run a "Green Bay Sweep"[6] around the "Maryland Uniform Arbitration Act". Patently, the "fraud" about which Security complains had to be discovered by Security during the course of the four-day arbitration evidential hearing. Of necessity, the "fraud" must have been discovered no later than the last day of that hearing, *i.e.*, January 24, 1974. Even if we construe the statute to mean that the petition to vacate the arbitration award must be brought within thirty days from the date of the award or the discovery of the fraud, whichever shall be the later, Security still did not file its petition within the prescribed thirty days. In fact, Security has yet to file such a petition unless we interpret the answer of May 29th as a petition within the meaning of the statute, an interpretation that we do not make. Security has simply not followed the statute, which statute we note has been adopted in at least fourteen states.[7]

To underpin its argument concerning the vacating of arbitration awards when there is a fraudulent inducement, Security relies upon a number of cases, including *Brown v. Scott*, 140 Md. 258, 117 A. 114 (1922); *Taylor v. State*, 73 Md. 208, 20 A. 914 (1890); *Loving & Evans v. Blick*, 33 Cal. 2d 603, 204 P. 2d 23 (1949); *Spectrum Fabrics Corp.*, 285 App. Div. 710, 139 N.Y.S.2d 612 *aff'd*, 309 N. Y. 709, 128 N.E.2d 416 (1955); *Finsilver, Still & Moss v. Goldberg, M. & Co.*, 253 N. Y. 382, 171 N. E. 579, 69 A.L.R. 809 (1930); *Lummus Co. v.*

---

6. A term that will conjure up in the minds of football fans a running play around the offensive team's end in which the ball carrier is led by a host of teammates, running interference. It was designed by the late Vincent Lombardi (1913-1970) literally to sweep the opponents off their feet.

7. For a list of those states, together with the statutory reference thereto, *see* Maietta v. Greenfield, *supra* at 291, n. 1.

*Commonwealth Oil Refining Co.*, 280 F. 2d 915, 91 A.L.R. 2d 912, *cert. denied*, 364 U. S. 911, 81 S. Ct. 274, 5 L.Ed.2d 225 (1960) and *Rueda v. Union Pacific R. Co.*, 180 Or. 133, 175 P. 2d 778 (1946). We find those cases to be inapposite and Security's reliance thereon misplaced. All of the cited cases dealt with fraud in the inducement, but none of them concerned the Uniform Arbitration Act nor did they involve a statutory time period during which the attack on an arbitration award for fraud or otherwise must be lodged.[8]

*Judgment affirmed.*
*Costs to be paid by appellant.*

---

8. For examples of cases in other jurisdictions applying statutory time periods under state arbitration acts *see* Component Systems, Inc. v. Murray Enterprises of Minn., Inc., Minn., 217 N.W.2d 514 (1974); Trustees of Boston & M. Corp. v. Massachusetts B.T.A., Mass., 294 N.E.2d 340 (1973); Greene v. Mari & Sons Flooring Co., Inc. Mass., 289 N.E.2d 860 (1972); Emporium Area J.S.A. v. Anundson Const. & Bldg. Sup. Co., 402 Pa. 81, 166 A. 2d 269 (1960); Nix v. Spector Freight System, Inc., 62 N.J. Super. 213, 162 A. 2d 590 (Sup. Ct. App. Div. 1960).