625 A.2d 1014

**TOWN OF CHESAPEAKE BEACH**

v.

**PESSOA CONSTRUCTION COMPANY, INC.**

**No. 81, Sept. Term, 1991.**

Court of Appeals of Maryland.

June 11, 1993.

Daniel Karp (Allen, Johnson, Alexander & Karp, all on brief), Baltimore, for petitioner.

J. Richard Margulies, Rockville (Jerry C. May, Fairmont Heights), both on brief, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and CHARLES E. ORTH, Jr. (retired, specially assigned), JJ.

McAULIFFE, Judge.

In 1984, the Town of Chesapeake Beach (the Town) entered into a construction contract with Pessoa Construction Company, Inc. (Pessoa). On 2 January 1986, before construction was completed, the Town declared Pessoa in default and terminated its right to continue work. On 19 May 1989, Pessoa filed a demand for arbitration with the American Arbitration Association. The Town promptly filed a petition in the Circuit Court for Calvert County to stay or enjoin arbitration, on the ground that Pessoa waived or lost its right to arbitration by its failure to file a timely demand.

Following a hearing on the Town's motion for summary judgment, the court determined there was no dispute of any material fact, but that Pessoa, and not the Town, was entitled to the entry of judgment in its favor. The court entered an order denying the Town's petition, and the Town appealed. The Court of Special Appeals dismissed the appeal in an unreported opinion, holding that the lower court's order was interlocutory and not subject to immediate appeal. We granted the Town's petition for certiorari, and we reverse.

The issue raised by the Town's petition—timeliness of the demand for arbitration—was properly before the lower court. Although there is a split of authority on the question, we have consistently held that timeliness of the demand for arbitration is for the courts and not the arbitra-

tors. *Frederick Contr. v. Bel Pre Med.*, 274 Md. 307, 315, 334 A.2d 526 (1975); *Crown Oil v. Glen*, 320 Md. 546, 558, 578 A.2d 1184 (1990); *Messersmith, Inc. v. Barclay Townhouse*, 313 Md. 652, 660, 547 A.2d 1048 (1988); *Hilliard & Bartko v. Fedco Systems*, 309 Md. 147, 150, 522 A.2d 961 (1987). The issue of whether a timely demand has been filed is properly raised before arbitration by the filing of a petition for a stay pursuant to § 3–208 of the Courts and Judicial Proceedings Article, Maryland Code (1974, 1989 Repl.Vol.). That section provides:

(a) **Petition to stay.**—If a party denies existence of the arbitration agreement, he may petition a court to stay commenced or threatened arbitration proceedings.

(b) **Filing of petition.**—(1) A petition to stay arbitration shall be filed with the court where a petition to order arbitration has been filed.

(2) If a petition for order to arbitrate has not been filed, the petition to stay arbitration may be filed in any court subject to venue provisions of Title 6 of this article.

(c) **Determination of existence of arbitration agreement.**—If the court determines that existence of the arbitration agreement is in substantial and bona fide dispute, it shall try this issue promptly and order a stay if it finds for the petitioner. If the court finds for the adverse party, it shall order the parties to proceed with arbitration.

Section 3–208 encompasses questions of timeliness of demands for arbitration because the existence of an agreement to arbitrate is conditioned on the making of a timely demand; in the absence of a timely demand, there is no agreement to arbitrate. Judge Wilner, speaking for the Court of Special Appeals in *Stauffer Constr. v. Bd. of Educ.*, 54 Md.App. 658, 668, 460 A.2d 609 (1983), correctly analyzed the rationale of our earlier cases in these words:

Because an inappropriate delay in demanding arbitration acts as a relinquishment of the contractual right to com-

pel such a proceeding, where that matter is in dispute, its resolution constitutes, in effect, a determination of whether the agreement to arbitrate still exists; and, under the statute, that *is* a proper issue for the court. (Emphasis in original.)

Pessoa does not seriously question the Town's right to seek a judicial determination of the timeliness of Pessoa's demand through a petition for stay of arbitration brought pursuant to § 3–208. It insists, however, that the court's order denying the stay is interlocutory and cannot be appealed. The Town advances three separate arguments in favor of immediate appealability: 1) that the order is a "final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction" within the meaning of § 12–301 of the Courts Article; 2) alternatively, if it is not a final judgment it is nonetheless appealable pursuant to § 12–303(3)(iii) of the Courts Article, because it is an order refusing to grant an injunction; or 3) it is appealable under the collateral order doctrine. We shall consider the Town's contentions separately, but in a slightly different order.

### Denial of Injunction

■■ Section 12–303(3)(iii) of the Courts Article permits an appeal from an interlocutory order "entered by a circuit court in a civil case ... [r]efusing to grant an injunction...." Notwithstanding that the Town captioned its petition as a "Petition to Stay/Enjoin Arbitration," the Court of Special Appeals did not err in viewing the petition as one seeking a stay of arbitration rather than an injunction. The mere characterization of a petition as a request for an injunction is insufficient to render its denial immediately appealable. *See Security Admin. v. Balto. Gas & Elec.,* 62 Md.App. 50, 53, 488 A.2d 208 (1985) (§ 12–303(3)(iii) cannot be used "as a transparent artifice for appealing that which is not appealable."). *See also Greater Continental Corporation v. Schechter,* 422 F.2d 1100, 1102 (2d Cir.1970) (order granting or refusing stay of arbitration

is not grant or denial of injunction); *Peat & Co. v. Los Angeles Rams,* 284 Md. 86, 98–99, 394 A.2d 801 (1978) (order refusing to disqualify counsel not immediately appealable as denial of injunction). To hold otherwise would enable a litigant to appeal the denial of almost any preliminary motion by filing a petition to enjoin the proceedings which would follow the denial. *See Security Admin., supra,* 62 Md.App. at 53–54, 488 A.2d 208.

## *Final Judgment*

■ Section 12–301 of the Courts Article provides that, except in certain circumstances not here relevant,

a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law.

The General Assembly has said that " '[f]inal judgment' means a judgment, decree, sentence, order, determination, decision, or other action by a court, . . . from which an appeal . . . may be taken." Section 12–101(f) of the Courts Article. Thus, it is for this Court to define and give content to the meaning of the term "final judgment." *Harris v. Harris,* 310 Md. 310, 314, 529 A.2d 356 (1987).

We recently discussed the question of what constitutes a final judgment in *Horsey v. Horsey,* 329 Md. 392, 620 A.2d 305 (1993). We said, at 401–02, 620 A.2d 305:

[A] trial court's order sometimes may constitute a final appealable judgment even though the order fails to settle the underlying dispute between the parties. Where a trial court's order has 'the effect of putting the parties out of court, [it] is a final appealable order.' *Houghton v. County Comm'rs. of Kent Co.,* 305 Md. 407, 412, 504 A.2d 1145, 1148 (1986), and cases there cited. *See, e.g., Wilde v. Swanson,* 314 Md. 80, 85, 548 A.2d 837, 839 (1988) ('An order of a circuit court . . . [may be] a final

judgment without any adjudication by the circuit court on the merits'); *Doehring v. Wagner,* 311 Md. 272, 275, 533 A.2d 1300, 1301–1302 (1987) (trial court's order 'terminating the litigation in that court' was a final judgment); *Walbert v. Walbert,* 310 Md. 657, 661, 531 A.2d 291, 293 (1987) (circuit court's unqualified order was a final judgment because it 'put Denise Walbert out of court, denying her the means of further prosecuting the case at the trial level'); *Houghton v. County Com'rs of Kent Co.,* 307 Md. 216, 221, 513 A.2d 291, 293 (1986); *Concannon v. State Roads Comm.,* 230 Md. 118, 125, 186 A.2d 220, 224–225 (1962), and cases there cited.

A petition to stay arbitration proceedings, brought pursuant to § 3–208, may be prosecuted as a separate action. Indeed, unless there is civil litigation already pending between the parties, the petition necessarily must be brought as a separate, self-standing action. The relief sought by the moving party in such an action does not bear on the merits of the underlying claim; it relates solely to the forum to be used for the resolution of that dispute. The party bringing the petition contends it cannot be forced into arbitration because there is no valid agreement to arbitrate. The entire action is resolved when a judge decides that issue—nothing more remains to be tried. Under these circumstances, the Town contends, a final decision that an agreement to arbitrate does exist and that arbitration is appropriate finally determines and concludes the rights involved in *that* action, and denies to the Town the right to further prosecute *that* action. Thus, it argues, the decision is a final and appealable judgment.

Although cases from other jurisdictions are of limited value because of differing statutes governing appeals, the following cases furnish some support for the Town's argument that the denial of its petition for a stay is a final judgment subject to immediate appeal: *Daginella v. Foremost Ins. Co.,* 197 Conn. 26, 495 A.2d 709 (1985); *Machine Products Co. v. Prairie Local Lodge No. 1538,* 230 Miss. 809, 94 So.2d 344 (1957); *Cabrini Medical Center v. Desi-*

*na,* 64 N.Y.2d 1059, 489 N.Y.S.2d 872, 479 N.E.2d 217 (1985); *Wagner v. Columbia Hospital District,* 259 Or. 15, 485 P.2d 421 (1971); *Board of Ed. v. Philadelphia Fed. of Teach. Loc. No. 3,* 464 Pa. 92, 346 A.2d 35 (1975); *Evans-ville–Vanderburgh Sch. v. Teachers Ass'n,* 494 N.E.2d 321 (Ind.App.1986); *Systems Construction, Inc. v. Worthington Forest, Ltd.,* 46 Ohio App.2d 95, 345 N.E.2d 428 (1975).

Pessoa points out that although the Town might have filed its petition for stay as a separate action, it did not. In April 1988, more than two years after being removed from the project, Pessoa filed an action against the Town [1] in the Circuit Court for Calvert County, alleging breach of contract, misrepresentation, and conspiracy. At the same time, Pessoa filed a motion asking that its own action be stayed, so that it might institute and prosecute arbitration proceedings. The Town objected to the stay, contending that Pessoa no longer had a right to arbitrate, and that no request for arbitration had been filed. The lower court granted the stay on 12 December 1988.[2] When Pessoa filed its demand for arbitration with the American Arbitration Association on 19 May 1989, the Town filed its petition for stay of arbitration in the existing civil action. Pessoa contends that because the denial of the petition clearly did not dispose of all issues in that case, it cannot be a final judgment.

As we have indicated, the petition could have been filed as a separate action. It is a special proceeding, involving a claim that is separate and distinct from the claim filed by Pessoa in the civil action. Thus, if we should determine that the order denying a stay of arbitration constitutes a final judgment, we may certify that order as a

---

1. Pessoa sued not only the Town, but also Arthur Beard Engineers, Inc., the company with which the Town had contracted in connection with this project.

2. Although a confirmatory order was entered on 6 April 1989, the docket entries indicate the motion was granted in open court at the conclusion of the hearing on 12 December 1988.

final judgment, notwithstanding that it does not finally dispose of all claims in the action in which it was filed. *See* Maryland Rules 2–602 and 8–602(c).

At one time the case of *Maietta v. Greenfield,* 267 Md. 287, 297 A.2d 244 (1972), would have provided support for Pessoa's argument. In *Maietta,* the Court held that an order directing arbitration is not appealable. As Judge Rodowsky later pointed out for this Court in *Litton Bionetics v. Glen Constr.,* 292 Md. 34, 39–42, 437 A.2d 208 (1981), the rule applied in *Maietta* is no longer the law in Maryland. *See also Horsey v. Horsey, supra,* 329 Md. at 402–03, 620 A.2d 305. *Maietta* was decided under an earlier arbitration statute, and at a time when final judgments in cases involving a circuit court's exercise of its special or limited jurisdiction were not appealable unless expressly provided for by statute.

The earlier arbitration statute expressly provided for appeals from some actions, but not from the denial of a stay of arbitration. Subsequently, § 12–301 of the Courts Article was amended to include the following language:

> The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law.

In acting on a petition for a stay filed pursuant to § 3–208 of the Courts Article, the circuit court acts "in the exercise of original, special, limited, statutory jurisdiction," and, pursuant to § 12–301, the right of appeal exists from a final judgment entered by the court in the exercise of that jurisdiction. If the judgment is final it is appealable, notwithstanding the absence of express authority for the appeal.

In *Litton Bionetics,* one of the parties to two pending arbitration proceedings sought an order from a circuit court directing the consolidation of those arbitration proceedings. The trial judge denied the request, and an appeal was taken. A motion to dismiss the appeal was filed, on the ground that

the order did not constitute a final judgment. On that issue, this Court concluded:

The present Maryland Uniform Arbitration Act does not expressly deny the right of appeal from a final judgment entered by a court in the exercise of jurisdiction under that statute. Thus, the question is simply whether the order appealed from constitutes a final judgment. Because the order denied all of the relief sought by Litton and completely terminated the action in the circuit court, it is an appealable final judgment.

*Id.* 292 Md. at 41–42, 437 A.2d 208 (citation omitted).

■ In the case before us, as in *Litton Bionetics*, the order denying the stay of arbitration denied all of the relief sought by the petition and completely terminated the claim brought pursuant to § 3–208 of the Courts Article. Notwithstanding that the petition was filed in an existing action, it involves a separate claim which we elect to enter as a final judgment pursuant to Rule 8–602(e)(1).

### Collateral Order Doctrine

Alternatively, if the order denying the petition for stay of arbitration were not a final judgment in the traditional sense, we would treat it as final and appealable under the collateral order doctrine. The collateral order doctrine, recognized by the United States Supreme Court in *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949), has been adopted by this Court and applied in a number of recent cases. *See, e.g., Dep't of Social Services v. Stein*, 328 Md. 1, 612 A.2d 880 (1992); *Harris v. Harris*, 310 Md. 310, 529 A.2d 356 (1987); *Public Service Comm'n v. Patuxent Valley*, 300 Md. 200, 477 A.2d 759 (1984); *Kawamura v. State*, 299 Md. 276, 473 A.2d 438 (1984); *Mann v. State's Atty. for Montgomery Cty.*, 298 Md. 160, 468 A.2d 124 (1983); *Highfield Water Co. v. Wash. Co. San.*, 295 Md. 410, 456 A.2d 371 (1983); *News American v. State*, 294 Md. 30, 447 A.2d 1264 (1982); *Clark v. Elza*, 286 Md. 208, 406 A.2d 922 (1979); *Peat & Co.*

*v. Los Angeles Rams, supra.* This doctrine generally permits an appeal from an order which satisfies the following four requirements:

(1) it must conclusively determine the disputed question;

(2) it must resolve an important issue;

(3) it must be completely separate from the merits of the action; and

(4) it must be effectively unreviewable on appeal from a final judgment.

*Peat & Co. v. Los Angeles Rams, supra,* 284 Md. at 92, 394 A.2d 801.

■ Considering requirements (1) and (3) together, it is clear that both these requirements are met in this case. The disputed question is whether the claims between the parties must be settled by arbitration or by litigation, a question that in turn hinges upon the continued existence of an agreement to arbitrate. That question is completely separate from the underlying merits of the action, and the circuit court's order denying the stay of arbitration conclusively determined that issue.

■ Turning to the second requirement, we conclude that the question is sufficiently important within the meaning of the collateral order doctrine. Resolution of the question determines the forum in which the claims will be settled. Disputes of the type involved here often require many days of trial or hearing, and considerable expense may be involved in the presentation of the claims. If the parties are incorrectly forced into the wrong forum, the loss to each may be significant.

■ This brings us to a consideration of the fourth requirement: whether the order is effectively unreviewable on appeal from a final judgment. The effect of the order is to require arbitration. Judicial review of an award following arbitration is limited. Apart from a court's ability to correct or modify an award when there has been an obvious

mechanical error or technical imperfection in a matter of form, or the arbitrators have acted upon a matter not submitted to them, see § 3-223 of the Courts Article, a court may vacate an award only in accordance with § 3-224 of the Courts Article. Subsection (b) of § 3-224 provides:

The court shall vacate an award if:

(1) An award was procured by corruption, fraud, or other undue means;

(2) There was evident partiality by an arbitrator appointed as a neutral, corruption in any arbitrator, or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers;

(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown for the postponement, refused to hear evidence material to the controversy, or otherwise so conducted the hearing, contrary to the provisions of § 3-213, as to prejudice substantially the rights of a party; or

(5) There was no arbitration agreement as described in § 3-206, the issue was not adversely determined in proceedings under § 3-208, and the party did not participate in the arbitration hearing without raising the objection.

Although the fifth ground set forth in this subsection for vacating an award specifically contemplates post-arbitration consideration by a court of the question of whether there was an arbitration agreement (in the context of this case, whether the demand for arbitration was timely filed), the right of a court to vacate an award on that ground is narrowly circumscribed. Following arbitration, a party may obtain judicial review of that issue only if that party has not previously and unsuccessfully sought court review of the same issue by filing a motion to stay arbitration pursuant to § 3-208.

Here, the Town did file a pre-arbitration petition for stay, which was decided against the Town. Accordingly, under the plain language of § 3-224(b)(5), the Town is precluded from again raising that issue as a part of a motion to vacate

the award.  Thus, unless the Town is granted an appeal of the denial of the motion for stay that it filed before arbitration, appellate review of the determination that arbitration was appropriate will be precluded.

Pessoa suggests that this situation is of the Town's own making;  that if the Town had not filed a motion to stay arbitration, and if it had raised the issue during arbitration, it could now obtain judicial review of the issue through a motion to vacate the award, and that determination by the circuit court would be appealable.  Pessoa suggests, therefore, that a party in the position of the Town has two options:  either file a preliminary motion to stay, with full knowledge that if unsuccessful there will be no avenue of appeal, or preserve the right of appeal by submitting to arbitration and raising the issue through a motion to vacate. That choice would be little better than a "Hobson's choice." [3]

Although the law looks with favor upon arbitration as a method of dispute resolution, it does not look with favor upon sending parties to arbitration when there is no agreement to arbitrate.  A legitimate issue concerning the existence of an agreement to arbitrate should be raised as a preliminary matter so that the courts may place the parties on the correct track for the resolution of their dispute, without unnecessary delay and expense.  A party availing itself of the opportunity to have the court make that threshold determination should not do so at the risk of losing any right of appellate review of that decision.

## Conclusion

We conclude, therefore, that the order of the Circuit Court for Calvert County denying the Town's petition for stay of arbitration was immediately appealable, and that the

---

3.  A Hobson's choice is actually no choice.  *See Hook v. State,* 315 Md. 25, 38 n. 18, 553 A.2d 233 (1989); *Powell v. State,* 23 Md.App. 666, 671–72 n. 3, 329 A.2d 413 (1974).

case must be remanded to the Court of Special Appeals for consideration of the issues raised by that appeal.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED; CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS; COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY RESPONDENT.*