654 A.2d 877

**MONTGOMERY COUNTY, Maryland et al.**

v.

**Alan E. STEVENS.**

**No. 124, Sept. Term, 1993.**

Court of Appeals of Maryland.

March 3, 1995.

Ramona Bell–Pearson, Asst. County Atty., (Joyce R. Stern, County Atty., Bruce P. Sherman, Sr. Asst. County Atty., all on brief), Rockville, for appellants.

William W. Thompson, II (Zwerdling, Paul, Leibig, Kahn Thompson & Driesen, P.C., all on brief), Washington, DC, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

ELDRIDGE, Judge.

In an action for judicial review of an administrative decision, the circuit court issued an order permitting the taking of depositions of the administrative decision maker and other persons. We consider in this opinion the appealability and propriety of the circuit court's order.

## I.

On February 25, 1992, Melanie Creedon, an assistant public defender, represented in the District Court of Maryland, in Montgomery County, a defendant charged with auto theft. After the close of the prosecution's case, Ms. Creedon made a motion for judgment of acquittal which the court granted. Officer Alan E. Stevens of the Montgomery County Police Department, who was in the courtroom at the time, became frustrated because the prosecution had failed to introduce into evidence an inculpatory statement which the defendant had made. Officer Stevens approached Ms. Creedon and said, "We had a confession in this case. If I ever see that kid again, he's mine. If he makes one wrong move, I will shoot him."

Ms. Creedon said nothing to Officer Stevens in reply. Instead, she walked to the back of the courtroom and related Officer Stevens's comments to Mr. Lloyd Johnson, an assistant state's attorney. Mr. Johnson had not heard Officer Stevens's comments but had witnessed "a brief interchange"

take place between Ms. Creedon and Officer Stevens. Mr. Johnson expressed shock at the statement but took no action at that time.

The parties dispute how Officer Stevens's remarks came to the attention of the Montgomery County Police Department's Office of Internal Affairs. Either Ms. Creedon filed a complaint on March 3, 1992, with the Police Department, or the Montgomery County Chief of Police, Colonel Clarence Edwards, brought the matter to the attention of the Office of Internal Affairs after having learned of the matter from Mr. Johnson at an unrelated function. Regardless, an internal investigation ensued. The investigator confirmed that Officer Stevens had made the comments set forth above, and the investigator concluded that the comments warranted a charge of "conduct unbecoming" a police officer in violation of Department Rules, Function Code 300, III, Rule 14.[1]

Chief Edwards concurred in the findings of the internal investigation, and he offered Officer Stevens the option to accept an official letter of reprimand and two days suspension without pay, or to request an administrative hearing pursuant to the Law Enforcement Officers' Bill of Rights ("LEOBR"), Maryland Code (1957, 1992 Repl.Vol., 1994 Cum.Supp.), Art. 27, §§ 727–734D. Officer Stevens opted for the latter course of action.

On August 20, 1992, the hearing board convened. It sustained the charge of "conduct unbecoming" a police officer after receiving testimony from Ms. Creedon and Mr. Johnson. Officer Stevens, through his attorney, admitted at the hearing that he had made the statement but denied that he had violated the rule under which the alleged violation fell.[2] His

---

**1.** Department Rules, Function Code 300, III, Rule 14, states:

"No employee will commit any act which constitutes conduct unbecoming an employee of the Department of Police. Conduct unbecoming includes, but is not limited to, any criminal, dishonest or improper conduct."

**2.** Officer Stevens moved for dismissal of the charges, contending that Rule 14, "Conduct Unbecoming," was void for vagueness. In addition,

argument was rejected, and the board recommended to Chief Edwards that the punishment for the violation should be a letter of reprimand. Art. 27, § 731.

Pursuant to § 731(c) of the LEOBR, a chief of police is not bound by the recommendation of the hearing board. Rather, he may "increase the recommended penalty of the hearing board, [but before doing so he] shall permit the law enforcement officer to be heard and shall state the reason for increasing the recommended penalty." Art. 27, § 731(c).[3] On September 29, 1992, Chief Edwards sent a memorandum to Officer Stevens and his attorney, advising them of his intention to increase the recommended penalty back to his original offer of a letter of reprimand and two days suspension without pay. Officer Stevens and his attorney were given an opportunity to respond. They responded both in writing and in a subsequent meeting with Chief Edwards. In a memorandum dated November 17, 1992, however, Chief Edwards advised Officer Stevens that the recommended penalty would be increased to include the two days suspension without pay.

Officer Stevens then brought an action for judicial review in the Circuit Court for Montgomery County pursuant to § 732 of the LEOBR. Officer Stevens represented to the court that he was not seeking judicial review of "the verdict of the Hearing Board in this case. Rather, he has appealed the decision of Chief Edwards to increase the level of punishment

---

he asserted that the rule was being applied to him in an arbitrary and discriminatory manner in violation of equal protection principles. The hearing board denied his motion.

**3.** Maryland Code (1957, 1992 Repl.Vol., 1994 Cum.Supp.), Art. 27, § 731(c), was amended in 1994. The amended section requires that prior to increasing a recommended penalty, the chief also meet with the officer and permit the officer to be heard "on the record." § 731(c)(2). In addition, the Chief must (Art. 27, § 731(c)):

"(3) Disclose and provide to the officer in writing at least 10 days prior to the meeting any oral or written communication not included in the hearing board record on which the decision to consider increasing the penalty is based, in whole or in part; and

"(4) State on the record the substantial evidence relied on to support the increase of the recommended penalty."

[over that] recommended unanimously by the Hearing Board." Officer Stevens filed in the circuit court a motion for leave to initiate discovery, notice depositions, amplify the record, and suspend the time for filing memoranda. The motion alleged that Chief Edwards was the actual "complainant" in this matter, not Ms. Creedon. Furthermore, Officer Stevens charged that the proper procedure was not followed in filing the complaint and that Chief Edwards failed to specify his reasons for increasing the penalty. The motion was granted, and depositions were scheduled for Chief Edwards, the Commander of the Office of Internal Affairs, the Chief of Police of Takoma Park, and Assistant State's Attorney Johnson.

Montgomery County filed a motion for reconsideration of the order granting discovery, and the motion for reconsideration was denied on April 19, 1993. On that same day a timely appeal was noted by the County to the Court of Special Appeals. The circuit court subsequently granted a motion by the County to stay discovery pending the appeal. Prior to the stay, only Mr. Johnson's deposition had been taken.

This Court issued a writ of certiorari before the case was heard in the Court of Special Appeals. In addition to filing a brief on the merits, Officer Stevens has filed a motion to dismiss the appeal.

II.

Initially, we consider whether Montgomery County is entitled to appeal from the circuit court's discovery order. As we shall hold that the order relating to Chief Edwards is appealable as a final judgment under the collateral order doctrine, we need not consider whether the other discovery orders could be properly appealed in the absence of the order relating to Chief Edwards. Maryland Rule 8–131(d) provides that, on appeal from an order constituting a final judgment, other orders, even if interlocutory, are generally reviewable by the appellate court. *See B & K Rentals v. Universal Leaf,* 319 Md. 127, 132–133, 571 A.2d 1213, 1216 (1990) ("It is a long established principle of appellate procedure, now embodied in

Rule 8–131(d), that an appeal from a final judgment ordinarily brings up for appellate review all [other] orders in the case").

This Court has consistently held that discovery orders, being interlocutory in nature, are not ordinarily appealable prior to a final judgment terminating the case in the trial court. *Dep't of Social Services v. Stein*, 328 Md. 1, 7, 18, 612 A.2d 880, 883, 888 (1992); *Public Service Comm'n v. Patuxent Valley*, 300 Md. 200, 207, 477 A.2d 759, 763 (1984).

"We have long recognized, however, a narrow class of orders, referred to as collateral orders, which are offshoots of the principal litigation in which they are issued and which are immediately appealable as 'final judgments' without regard to the posture of the case." *Harris v. Harris*, 310 Md. 310, 315, 529 A.2d 356, 358 (1987). *See also Town of Chesapeake Beach v. Pessoa*, 330 Md. 744, 754, 625 A.2d 1014, 1019 (1993); *Dep't of Social Services v. Stein*, *supra*, 328 Md. at 10, 612 A.2d at 884; *County Comm'rs v. Schrodel*, 320 Md. 202, 209, 577 A.2d 39, 43 (1990); *State v. Jett*, 316 Md. 248, 251, 558 A.2d 385, 386 (1989); *Bunting v. State*, 312 Md. 472, 476, 540 A.2d 805, 806 (1988); *Public Service Comm'n v. Patuxent Valley*, *supra*, 300 Md. at 206, 477 A.2d at 762. For an order to be appealable under this narrow exception, called the "collateral order doctrine," it must satisfy the following four requirements (*Town of Chesapeake Beach v. Pessoa*, *supra*, 330 Md. at 755, 625 A.2d at 1019):

"(1) it must conclusively determine the disputed question;

"(2) it must resolve an important issue;

"(3) it must be completely separate from the merits of the action; and

"(4) it must be effectively unreviewable on appeal from a final judgment."

*See also Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 545–547, 69 S.Ct. 1221, 1225–1226, 93 L.Ed. 1528, 1536–1537 (1949); *Clark v. Elza*, 286 Md. 208, 212–213, 406 A.2d 922, 924–925 (1979); *Peat & Co. v. Los Angeles Rams*, 284 Md. 86, 394 A.2d 801 (1978).

**478**

■ Under this Court's holding in *Public Service Comm'n v. Patuxent Valley, supra,* the discovery order concerning Chief Edwards meets the requirements of the collateral order doctrine and is, therefore, appealable as a final judgment. In *Patuxent Valley,* the Potomac Electric Power Company ("PEPCO") had applied to the Public Service Commission for a Certificate of Public Convenience and Necessity in order to commence construction of an overhead transmission line. After a hearing, the hearing examiner recommended that the certificate issue. The Public Service Commission, upon review of the record, agreed. The property owners who would have been affected by the line brought an action for judicial review in the Circuit Court for Howard County. The property owners then sought to depose the commissioners who had participated in the decision to issue the certificate. The property owners alleged that the hearing examiner had considered information outside the administrative record. In particular, they claimed that an *ex parte* communication had taken place between the hearing examiner and the Chairman of the Commission. Moreover, alluding to possible "bad faith," they alleged that the examiner may have been predisposed to granting the certificate. The circuit court issued an order granting their motion to take the commissioners' depositions. An appeal was immediately taken from the discovery order, and this Court issued a writ of certiorari while the appeal was pending before the Court of Special Appeals.

This Court held that the discovery order in *Patuxent Valley* was appealable, as a final judgment, under the collateral order doctrine. We explained as follows (300 Md. at 206–207, 477 A.2d at 762–763):

"In our view the [ ] four criteria [under the collateral order doctrine] were met, and the trial court's discovery order is appealable by the Commission or the State. First, the order conclusively determined that individual Commission officials must appear for depositions with respect to their decision to grant PEPCO a certificate. Second, the issue is clearly important. If, in actions for judicial review of administrative decisions, it is permissible for trial courts

to order the depositions of the administrative decision makers, upon the type of allegations made in this case, the impact upon administrative agencies of the State and local governments may be quite substantial. Third, the question whether Commission decision makers should be required to stand for depositions is distinct from the merits of Patuxent's action for judicial review of the agency decision. Finally, if not appealable until the conclusion of the trial, the claim that Commission members should not be routinely subjected to extensive probing of their individual decisional thought processes would irretrievably be lost. Regardless of the outcome of the trial, the disruption to the administrative process, caused by placing the officials under pretrial scrutiny, is incurred at the first instance. Therefore, it would be impossible to cure the harm done to the Commission once the depositions have been taken."

This Court further stated that our holding was extremely narrow, that "we continue to adhere to the general rule that discovery orders are interlocutory and ordinarily cannot be appealed prior to a final judgment terminating the case," and that "only ... the particular facts of this case warrant a departure from the general rule." 300 Md. at 207, 477 A.2d at 763.

The facts of the present case, with regard to the order allowing Officer Stevens to take Chief Edwards's deposition, are essentially the same as the facts in *Patuxent Valley.* The order in this case similarly meets the criteria of the collateral order doctrine. First, it conclusively determines that Chief Edwards must appear for depositions. Second, the importance of the issue in question here is identical to that in *Patuxent Valley,* that is, the potentially great harm to the public by the "disruption of the governmental process" that can be caused by discovery into the decision making processes of a high level government official. 300 Md. at 207–209, 477 A.2d at 763–764. Third, the issue as to whether the deposition is appropriate is distinct from the merits of the action for judicial review. Finally, this issue will become effectively unreviewable later, because the harm would occur when the

deposition was taken, and there would be no effective remedy available thereafter.

This Court pointed out in *Patuxent Valley* that "discovery orders, directed at other than high level government decision makers, are ordinarily not appealable...." 300 Md. at 210, 477 A.2d at 764. The Chief of Police for Montgomery County is a high level government decision maker. He is the head of the police department in the largest subdivision in this state. Our holding in *Patuxent Valley* was not limited to state government officials, as indicated by our discussion of the application of the criteria required to sustain an appeal (300 Md. at 206–207, 477 A.2d at 762–763, emphasis added):

"If, in actions for judicial review of administrative decisions, it is permissible for trial courts to order the depositions of the administrative decision makers, upon the type of allegations made in this case, *the impact upon administrative agencies of the State and local governments* may be quite substantial."

We hold that the appeal in this case comes within the collateral order doctrine and is properly before us.

### III.

As previously mentioned, the circuit court issued the discovery order in this case based on Officer Stevens's allegations that Chief Edwards's involvement in this controversy, from the initial filing of the complaint through his decision to increase the hearing board's recommended penalty, constituted "improper procedure." Officer Stevens relied on the administrative record as evidence that Chief Edwards informally brought this incident to the attention of the Office of Internal Affairs based on an *ex parte* communication between himself and Mr. Johnson. This, he claims, was an invalid departure from departmental procedure. Furthermore, Officer Stevens alleged that the *ex parte* communication may have tainted Chief Edwards's decision to increase the penalty, and that Chief Edwards failed to set forth his reasons for the penalty increase. None of these allegations, however, justified the

unusual order for discovery in an action for judicial review of an administrative decision.

We pointed out in *Public Service Comm'n v. Patuxent Valley, supra,* 300 Md. at 214, 477 A.2d at 766, that it is "a fundamental principle of administrative law ... that a party challenging agency action is ordinarily forbidden from inquiring into the mental processes of an administrative official." *See United States v. Morgan,* 313 U.S. 409, 422, 61 S.Ct. 999, 1004–1005, 85 L.Ed. 1429, 1435 (1941) (holding that, in an action for judicial review of a decision by the Secretary of Agriculture, the trial court erred in permitting the plaintiffs to take the Secretary's deposition, because the "proceeding before the Secretary 'has a quality resembling that of a judicial proceeding.' ... Such an examination of a judge would be destructive of judicial responsibility.... Just as a judge cannot be subjected to such scrutiny ... so the integrity of the administrative process must be equally respected"). *Accord: Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 420, 91 S.Ct. 814, 825, 28 L.Ed.2d 136, 155–156 (1971); 3 Davis, *Administrative Law Treatise,* § 17.7 (2d ed. 1980). *See also Montrose Chemical Corporation of California v. Train,* 491 F.2d 63, 68–70 (D.C.Cir.1974).

Departure from this fundamental principle is extremely rare. In *Public Service Comm'n v. Patuxent Valley, supra,* this Court mentioned one possible limited exception. We explained that if the party challenging the agency action could make a "strong showing" of, as opposed to a mere allegation of, the existence of fraud or extreme circumstances which occurred outside the scope of the administrative record, a deposition of the administrative decision maker might be permissible. 300 Md. at 213–217, 477 A.2d at 766–767. *See County Council v. District Land,* 274 Md. 691, 706, 337 A.2d 712, 721 (1975) ("The short of it is that in the absence of the proof of fraud, ... the [deposition] evidence which the court allowed would be nowhere permitted by law"). Moreover, even under such circumstances, circuit court discovery should not be permitted when a remand to the administrative agency

is a viable alternative. *Patuxent Valley,* 300 Md. at 215 n. 6, 477 A.2d at 767 n. 6.

We recently noted in *Younkers v. Prince George's County,* 333 Md. 14, 17, 633 A.2d 861, 862 (1993), that agency action taken pursuant to the LEOBR by county police departments is not reviewed according to a statutorily defined standard; rather, the scope of review "is that generally applicable to administrative appeals." Such judicial review is very narrow. Essentially, "[a] court's role is limited to determining if there is substantial evidence" in the administrative record as a whole "to support the agency's findings and conclusions, and to determine if the administrative decision is premised upon an erroneous conclusion of law." *United Parcel v. People's Counsel,* 336 Md. 569, 577, 650 A.2d 226, 230 (1994). *See also Younkers v. Prince George's County, supra,* 333 Md. at 18–19, 633 A.2d at 863; *Maryland State Police v. Lindsey,* 318 Md. 325, 334, 568 A.2d 29, 33 (1990); *State Election Bd. v. Billhimer,* 314 Md. 46, 58, 548 A.2d 819, 826 (1988), *cert. denied,* 490 U.S. 1007, 109 S.Ct. 1644, 104 L.Ed.2d 159 (1989). Therefore, "a reviewing court ... ordinarily does not render a new judicial decision grounded on the testimony or evidence introduced for the first time before the court." *Public Service Comm'n v. Patuxent Valley, supra,* 300 Md. at 217, 477 A.2d at 768. *See also Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 743, 105 S.Ct. 1598, 1607, 84 L.Ed.2d 643, 656 (1985) (" '[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court,' " quoting *Camp v. Pitts,* 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106, 111 (1973)).

In *Public Service Comm'n v. Patuxent Valley, supra,* we set forth our adherence to the general rule prohibiting a reviewing court from considering new evidence in an action for judicial review of an administrative decision. We went on to discuss the limited exception to this general rule delineated by the Court in *Citizens to Preserve Overton Park v. Volpe, supra,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136. There, the Supreme Court said that when there was no requirement that the agency make any factual findings, and the agency did in

fact make no findings, it may be necessary to obtain the testimony of the administrative decision makers in order to provide meaningful judicial review. 401 U.S. at 419–420, 91 S.Ct. at 825–826, 28 L.Ed.2d at 155–156. The Supreme Court explained that the trial court could either perform such review itself or remand to the agency. 401 U.S. at 420–421, 91 S.Ct. at 826, 28 L.Ed.2d at 156. In *Patuxent Valley*, 300 Md. at 215 n. 6, 477 A.2d at 767 n. 6, we expressed our agreement with Justice Black's separate opinion in *Overton Park*, taking the position that a remand to the agency "is generally preferable to court-ordered depositions of administrative officials." Subsequent opinions of the Supreme Court "have made clear that remand to the agency in fact is the preferred course." *Pension Benefit Guaranty Corp. v. The LTV Corp.*, 496 U.S. 633, 654, 110 S.Ct. 2668, 2680, 110 L.Ed.2d 579, 600 (1990).

In *Harrison v. PPG Industries, Inc.*, 446 U.S. 578, 594, 100 S.Ct. 1889, 1898, 64 L.Ed.2d 525, 538 (1980), the Supreme Court explained that a reviewing "court is not without recourse in the event it finds itself unable to exercise informed judicial review because of an inadequate administrative record. In such a situation, [the] court may always remand a case to the agency for further consideration." *Accord: F.C.C. v. ITT World Communications, Inc.*, 466 U.S. 463, 469, 104 S.Ct. 1936, 1940, 80 L.Ed.2d 480, 488 (1984).

More recently, in a related context, the Supreme Court considered, *inter alia*, whether initial jurisdiction for judicial review of denials of 10 C.F.R. § 2.206 petitions[4] by the Nuclear Regulatory Commission properly lies in the federal district courts or the federal courts of appeal when there was no hearing before the agency. *Florida Power & Light Co. v. Lorion, supra*, 470 U.S. at 740, 105 S.Ct. at 1605, 84 L.Ed.2d at 654. The Court explained that the "only plausible justification" for requiring the district courts to entertain initial jurisdiction when there was no hearing before the agency was

---

4. Requests to the Nuclear Regulatory Commission "to institute a proceeding ... to modify, suspend, or revoke a license, or for such other action as may be proper," against the operator of a nuclear reactor.

that the district court would be better equipped to develop a record for review because of its factfinding powers. 470 U.S. at 743, 105 S.Ct. at 1606–1607, 84 L.Ed.2d at 656. The Court rejected this justification, however, stating as follows (470 U.S. at 743–744, 105 S.Ct. at 1607, 84 L.Ed.2d at 656):

"Such a justification cannot ... be squared with fundamental principles of judicial review of agency action.... If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation. The reviewing court is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry.... The factfinding capacity of the district court is thus typically unnecessary to judicial review of agency decisionmaking."

■ In sum, the trial court's orders permitting the depositions would be justified only if Officer Stevens had made a strong showing that there was an impropriety, external to the administrative record, which tainted the final agency decision. Furthermore, in order for the circuit court to be the proper forum in which to initially consider evidence in an action for judicial review of an administrative decision, Officer Stevens must demonstrate why the matter cannot be adequately explored on remand to the agency. *Cf.* the Maryland Administrative Procedure Act, Code (1984, 1993 Repl.Vol., 1994 Cum. Supp.), § 10–222(f) of the State Government Article (providing that judicial review is confined to the administrative record, and that, if the reviewing court determines that additional evidence is necessary, the proper course of action is to remand for the agency to take additional evidence and modify its findings accordingly). Officer Stevens failed to make these threshold showings.

At oral argument before us, counsel for Officer Stevens stated that his purpose in seeking the depositions was to

determine "the mindset" of Chief Edwards after his conversation with Mr. Johnson, and to discover what Chief Edwards "was thinking when he increased the punishment." Both of these inquiries are directed at Chief Edwards's mental decision making process, which is ordinarily a prohibited subject for discovery. Officer Stevens's rationale behind this inquiry is that the *ex parte* communication which took place between Chief Edwards and Mr. Johnson somehow tainted Chief Edwards's thinking when he decided to increase the punishment. This does not resemble the type of impropriety which might justify an order allowing the depositions.

Evidence of the *ex parte* communication between Chief Edwards and Mr. Johnson appears on the face of the administrative record; there is no suggestion of any alleged impropriety not shown by the administrative record. Moreover, it is doubtful that the presence of such a communication evidences any impropriety whatsoever. As the Supreme Court explained in *Withrow v. Larkin*, 421 U.S. 35, 55–56, 95 S.Ct. 1456, 1468–1469, 43 L.Ed.2d 712, 728–729 (1975),

> "[t]he mere exposure to evidence presented in nonadversary investigative procedures is insufficient in itself to impugn the fairness of the Board members at a later adversary hearing.

> \* \* \* \* \* \*

> "It is ... very typical for the members of administrative agencies to receive the results of investigations, to approve the filing of charges or formal complaints instituting enforcement proceedings, and then to participate in the ensuing hearings. This mode of procedure does not violate the Administrative Procedure Act, and it does not violate due process of law."

*See also Wilson v. Lincoln Redevelopment Corporation,* 488 F.2d 339, 342 (8th Cir.1973); *Duke v. North Texas State University,* 469 F.2d 829, 834 (5th Cir.), *cert. denied,* 412 U.S. 932, 93 S.Ct. 2760, 37 L.Ed.2d 160 (1973).

In addition, the General Assembly envisioned that there are circumstances which would warrant removing the chief of police from the disciplinary process (Art. 27, § 731(d)(1)):

"Notwithstanding any other provisions of this subtitle, the decision of the hearing board, both as to findings of fact and punishment, if any, is final:

"(i) If a chief is an eyewitness to the incident under investigation. . . . "

"Where a statute expressly provides for certain exclusions, other[s] should not be inserted." *Pennsylvania Nat'l Mut. v. Gartelman*, 288 Md. 151, 156, 416 A.2d 734, 737 (1980). *See also Ferrero Constr. v. Dennis Rourke Corp.*, 311 Md. 560, 575, 536 A.2d 1137, 1144 (1988). Officer Stevens's argument "that the same exception [Art. 27, § 731(d)(1), should apply] to the authority of the chief to increase the level of punishment . . . where the chief is the complainant" (Appellee's brief at 22), is without merit. The fact that Chief Edwards heard about the statement, which Officer Stevens admittedly made, during a conversation with Mr. Johnson at a function, does not render Chief Edwards's decision to increase the recommended punishment improper or the result of "bad faith."

Officer Stevens also argued in the circuit court and in this Court that the LEOBR required that Chief Edwards set forth his reasons for increasing the penalty, and that the Chief's memorandum of November 17, 1992, did not adequately set forth the reasons. Nevertheless, where the law requires an administrative agency or official to set forth findings or reasons, and the administrative record fails to reflect such findings or reasons, the appropriate remedy is a remand to the agency with directions to comply with the law. *See Harford County v. Preston*, 322 Md. 493, 505, 588 A.2d 772, 778–779 (1991).

Consequently, the circuit court erred in issuing the discovery order in this action for judicial review. No sufficient basis was presented for taking any of the depositions.

*MOTION TO DISMISS APPEAL DENIED. ORDER OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY REVERSED. APPELLEE TO PAY COSTS.*