718 A.2d 627

MARYLAND STATE BOARD OF DENTAL EXAMINERS

v.

Christopher FISHER, D.D.S.

No. 448, Sept. Term, 1997.

Court of Special Appeals of Maryland.

Oct. 2, 1998.

Cynthia G. Peltzman, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Barbara Hull Francis, Asst. Atty. Gen., on the brief), Baltimore, for Appellant.

Charles E. Wilson, Jr. (D. Elizabeth Walker and McCarthy, Wilson & Ethridge, on the brief), for Appellee.

Argued before MURPHY, C.J., and MOYLAN, J., and LOUIS D. HARRINGTON, Judge (Specially Assigned).

MURPHY, Chief Judge.

In the Circuit Court for Montgomery County, Dr. Christopher Fisher, appellee, petitioned for judicial review of a disciplinary sanction imposed on him by the Maryland State Board of Dental Examiners, appellant.[1]  During the course of this

---

1.  The Maryland State Board of Dental examiners ordered that appellee's dental license be suspended for a period of five years upon a

proceeding, appellee succeeded in obtaining a discovery order that (1) requires Board members to submit to depositions; and (2) requires the Board to produce, for *in camera* review, the minutes of the executive session at which it arrived at the decision being challenged in these proceedings. Appellant presents two questions for our review:

1. Does this Court have jurisdiction to review the lower court's interlocutory order for discovery, including the depositions of members of an administrative licencing and disciplinary board, an issue collateral to the merits of the appeal, where the order would have a chilling effect and a detrimental impact on the ability of professional disciplinary boards to carry out their delegated functions?

2. Did the lower court err as a matter of law in ordering discovery, including the depositions of members of an administrative disciplinary board, as well as individuals with no connection to the case, and the production of privileged documents for *in camera* review,. [sic] In order to supplement the hearing record, where the Appellee failed to make the necessary showing of fraud or extreme circumstances needed to pierce the quasi-judicial privilege governing agency deliberations?

Appellee presents us with the following questions:

1. Whether the trial court's interlocutory discovery order authorizing the depositions of non-board members and an *in camera* review of Board minutes is appealable at this juncture absent any harm to the Board.

2. Whether the trial court properly exercised its broad discretion when entering a narrowly tailored discovery order permitting depositions of both Board and non-board members, as well as an *in camera* review of Board minutes, upon Dr. Fisher's strong preliminary showing of the Board's judicial impropriety.

---

finding that he violated certain provisions of the Maryland Dentistry Act. The Board then suspended four years of the five year period of suspension.

For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

## FACTS

In accordance with Md.Code Ann., State Government § 10–205 [2] and Health Occ. § 4–318, the charges against appellant were heard by an Administrative Law Judge (ALJ), who on August 18, 1994, concluded

"by clear and convincing evidence that the respondent has violated Md. Health Occ.Code Ann. § 4–315(a): . . ."

The specific violations are of no consequence to the issues before us.

Because "the delegation of authority to hear this case did not include a delegation to submit a Recommendation Disposition," the ALJ's findings and conclusions were transmitted to the Board with "no recommendation with regard to an appropriate disposition in this matter."

A hearing on appellee's exceptions was held before the Board on January 4, 1995. The Board ultimately ruled that appellee committed violations of H.O. § 4–315(a)(2), § 4–315(a)(3), and § 4–315(a)(16). The Board also concluded as a matter of law that the State did not prove by clear and convincing evidence a number of charges that the ALJ found to have been proven by that standard.

---

**2.** (a) To whom delegated.-
(1) A board, commission, or agency head authorized to conduct a contested case hearing shall:
  (i) conduct the hearing; or
  (ii) delegate the authority to conduct the contested case hearing to:
    1. the Office; or
    2. with the prior written approval of the Chief Administrative Law Judge, a person not employed by the Office.
(b) Scope of authority delegated.- An agency may delegate to the Office the authority to issue:
  (1) proposed or final findings of fact;
  (2) proposed or final conclusions of law;
  (3) proposed or final findings of fact and conclusions of law;
  (4) proposed or final orders or orders under Article 49B of the Code; or
  (5) the final administrative decision of an agency in a contested case.

Appellee appealed the Board's decision to the circuit court, where he alleged that the Board erroneously (1) failed to consider the entire record in reaching its decision, (2) considered extra-record evidence, and (3) violated the Open Meetings Act. Appellee also asserted that the Board was unfairly constituted because it included a member who had a financial interest in the outcome and who therefore should have recused himself from the proceedings. The discovery order at issue includes the following provisions:

The [named] members of the Maryland State Board of Dental Examiners may be questioned regarding the following:

a. whether or not they were provided with a summary of the evidence presented by the Administrative Law Judge;

b. whether or not any discussions were had in open or closed session regarding potential conflicts of interest generally or specifically regarding the financial interest of [a named member] or any other Board member;

c. whether or not each member of the Board was provided with a complete copy of the record which he or she personally reviewed prior to making his or her decision;

d. whether or not any member of the Board participated in drafting the charges against [appellee] or otherwise used information obtained in the investigatory phase in rendering his or her opinion;

e. whether or not guidelines or standards for the imposition of sanctions exist, whether he or she was aware of prior sanctions in similar cases and whether or not he or she used or made a conscious decision to deviate from those standards in the decision regarding [appellee's] sanctions; and it is further,

ORDERED, that the Attorney General's Office obtain for this Court's review all Minutes of the Board kept in both open and closed session regarding [appellee's] case, both

before and after the hearing which are to be provided to this Court for review *in camera* no later than [a specific date]; and it is further

ORDERED, that the Attorney General's Office prepare a certified index of all documents used by the Board in open and closed sessions considered in [appellee's] case specifying as to each: the date, a description of the documents, and to whom it was provided. The Board shall certify as to each entry that the document was reviewed, and by whom; and it is further,

ORDERED, that the following individuals may be deposed regarding the number of oral surgeons who practice in the same geographic area as [appellee] and who do trauma work for or get referrals from Prince Georges's Hospital Center, including, and limited to, the following individuals [whose names appear in the order].

## APPELLATE JURISDICTION

In *Montgomery County v. Stevens,* 337 Md. 471, 654 A.2d 877 (1995), our Court of Appeals reasserted the proposition that a party is entitled to appellate review of those "collateral orders" that

(1) conclusively determine the disputed question;

(2) resolve an important issue;

(3) are completely separate from the merits of the action; and

(4) are effectively unreviewable on appeal from a final judgment.

*Id.* at 477, 654 A.2d 877 (*citing Town of Chesapeake Beach v. Pessoa,* 330 Md. 744, 755, 625 A.2d 1014 (1990)). Given the impact of the depositions on the administrative agency, the collateral order doctrine must be applied in this case. *Public Service Comm'n v. Patuxent Valley,* 300 Md. 200, 207, 477 A.2d 759 (1984).

## DEPOSITIONS

Appellant contends that the circuit court should not have ordered the depositions of the Board members, because appellee did not make a sufficiently "strong showing" of fraud or of extreme circumstances that would justify such an intrusion into the Board's deliberative process. For the reasons contained in *Stevens,* supra, 337 Md. at 481, 654 A.2d 877 (1995) and *Patuxent Valley,* supra, 300 Md. at 216, 477 A.2d 759, we agree with the contention.

■ Appellee has accused the Board of considering only a summary of the evidence prepared in reaching its decision. It was proffered to the circuit court that appellee's investigator spoke to two board members who confirmed that a summary of evidence was used. In this case, however, such an allegation is insufficient to constitute the strong showing needed to trigger judicial intervention into the deliberative phase of an administrative adjudication that was (1) initially presented to an ALJ, and (2) partially resolved in appellee's favor.

According to appellee, the deposition testimony will provide the court with a "strong showing" that there has been some impropriety in the way the Board members reached their decision. Given the procedural history of this case, however, appellee is required to make a "strong showing" of fraud or extreme circumstances in advance of the deposition. He is not entitled to depose the members of the Board.

■ Appellee also claims that one Board member should have recused himself because he had an economic interest in the outcome. This issue, however, has not been preserved for judicial review. It is true that one member works in the same geographical area and in the same specialty as appellee. Those facts, however, were known to appellee prior to the hearing at which appellee's counsel merely asked that anyone on the Board with an interest in the case recuse himself or herself. Appellee knew at that time who the members of the Board were, and did not then and there argue for the recusal of the particular member about whom he now complains. His specific recusal complaint has come much too late.

## IN CAMERA REVIEW

■ Appellant originally asserted a claim of executive privilege with respect to the minutes of the Board meeting ordered produced for *in camera* review. In appellant's reply brief, it acknowledges that *"in camera* review of the minutes by the circuit court will not destroy [executive] privilege." Appellant now claims that appellee has simply not met his burden of making a "strong showing" that an *in camera* review of the minutes is necessary to determine whether anything contained therein should ultimately be disclosed by the court. There is, however, an important distinction between counsel's questioning of Board members and the circuit court's *in camera* examination of the Board's minutes.

■ We are confident that the circuit court will not order disclosure of any information it reviews *in camera,* without both (1) sharing the information with counsel in their roles as officers of the court,[3] and (2) affording counsel an opportunity to be heard on the issue of whether any such information should be made part of the public record. There can be no disclosure of the deliberative process unless and until a "strong showing" of fraud or extreme circumstances has been made. As we are not persuaded that the circuit court abused its discretion when ordering an *in camera* review of the minutes, we hereby affirm that ruling.

**ORDER VACATED IN PART AND AFFIRMED IN PART; CASE REMANDED TO THE CIRCUIT COURT FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION; COSTS TO BE PAID 50% BY APPELLANT AND 50% BY APPELLEE.**

---

**3.** Counsel who receive any such information in their roles as officers of the court are prohibited from disclosing that information to anyone else unless and until they obtain the court's permission to do so. *Reynolds v. State,* 98 Md.App. 348, 370, 633 A.2d 455 (1993).