722 A.2d 414

**James D. TSCHECHTELIN, et al.**

v.

**Frank G. SAMUELS.**

**No. 231, Sept. Term, 1998.**

**Court of Special Appeals of Maryland.**

Jan. 5, 1999.

---

Jacqueline Mintz, Asst. Atty. General (J. Joseph Curran, Jr., Atty. General and Mark J. Davis, Asst. Atty. General, on the brief), Baltimore, for appellants.

Mark S. Dachille (Barry L. Steelman and Barry L. Steelman, P.A., on the brief), Baltimore, for appellee.

Argued before HARRELL, THIEME and BYRNES, JJ.

THIEME, Judge.

### Statement of the Case

This appeal and cross-appeal arise from the termination of Dr. Frank Samuels (appellee), former vice president for academic affairs at Baltimore City Community College (BCCC), by the president of the College, Dr. James D. Tschechtelin, and BCCC's Board of Trustees (the Board) on January 17, 1995, with an effective date of February 17, 1995. On February 28, 1996, Dr. Samuels filed in the Circuit Court for Baltimore City a seven-count Complaint. The counts of the original Complaint were made as follows:

I. Breach of contract, against the State of Maryland, the Board, and Dr. Tschechtelin (collectively, the defendants);

II. Breach of implied covenant of good faith and fair dealing, against all defendants;

III. Denial of procedural due process under the Fourteenth Amendment to the U.S. Constitution, and the due process provisions of the Maryland Declaration of Rights, against all defendants;

IV. Denial of substantive due process under the Fourteenth Amendment to the U.S. Constitution, and the due process provisions of the Maryland Declaration of Rights, against all defendants;

V. Defamation, injurious falsehood, and false light, against all defendants;

VI. Discrimination in violation of 42 U.S.C. § 1981, against all defendants;

VII. Discrimination in violation of 42 U.S.C. § 1983, against all defendants.

On June 13, 1996, the defendants filed an Answer, which raised the two issues of sovereign immunity and the failure of the complaint to state a claim upon which relief can be granted, as well as a Motion to Dismiss. Subsequently, on August 30, 1996, the defendants filed an Amended Answer, adding the additional defense that the contract counts were barred by the statute of limitations.

At the hearing on the defendants' motion, the appellee argued to the court that the statute of limitations defense was barred because, under Md. Rule 2–323(g), it was required to be included in the defendants' Answer, an argument accepted by the court (Dancy, J.).

By orders dated December 23, 1996, and March 7, 1997, Judge Dancy dismissed Counts III, IV, and VI in their entirety; Count V as against the State and the Board; and Count VII as against the State.

On April 3, 1997, the defendants made a Motion for Summary Judgment and requested a hearing on the motion. After a hearing, by an order dated May 29, 1997, the court (Mitchell, J.) granted summary judgment on the remaining parts of Counts V and VII; and on Counts I and II as against the Board and Dr. Tschechtelin in their individual capacities. The court denied the defendants' motion for summary judgment with regard to Counts I and II against the Board and Dr. Tschechtelin in their official capacities, saying at the hearing that:

> Plaintiff's claim would be barred by the statute of limitations as he was terminated on January 17, 1995 and filed his Complaint for Breach on February 28, 1996 and under State Government Article 12–202, such a claim would be barred

unless suit was filed within one year after the date on which the claim arose. However, Defendant did not timely plead the statute of limitations defense and it is waived.

Both sides filed motions for reconsideration, the defendants arguing that the statute of limitations provision was an integral part of the sovereign immunity statute and the State had not waived sovereign immunity. On August 11, 1997, the appellee also filed an Amended Complaint, which reiterated Counts I and II of the original Complaint and added a new Count III alleging wrongful discharge. On August 25, 1998, the defendants filed a Motion to Dismiss the Amended Complaint and/or for Summary Judgment, again raising the issue of sovereign immunity. At a hearing on December 8, 1997, the court (Mitchell, J.) dismissed appellee's new Count III and, after argument by the parties on their motions to reconsider, determined not to disturb any of its earlier rulings (although it did order Counts V and VII of the original complaint against the Board and Dr. Tschechtelin reinstated).[1]

_____

1. At the December 8, 1997, hearing on the reconsideration motions, Judge Mitchell stated the following:

> Both parties submitted motions to reconsider the earlier rulings of the Court resulting from the May hearing. Prior to the public session today, the Court took the opportunity to review the papers submitted by the parties and the record that they generated, both for this hearing and the hearing in the Spring, 1997 when the Court initially issued its rulings. The Court believes our rulings were correct then, and we will not disturb them now. We deny both motions for reconsideration. Appropriate orders to that effect, we believe are in the file, and we will execute those orders in the course of the day.

Later that day, Judge Mitchell signed an Order stating:

> The Motion of Frank Samuels to reconsider this Court's decision concerning Defendants' Motion for Summary Judgment having been considered, along with any opposition thereto, is this 8[th] day of December, 1997, ORDERED, that said Motion be, and hereby is ~~GRANTED~~ DENIED, and it is FURTHER ORDERED, that Counts V and VII of the Complaint are reinstated as to the Board of Trustees and to James D. Tschechtelin.

The apparent contradiction between the court's bench ruling and its Order, and even between parts of the Order itself, suggests to us an error in the execution of the Order (which appears to have been drafted by the appellee). We will not reach that conclusion, however. We will not prefer the oral ruling (particularly one that indicated that a written order would follow) to the written one. *Cf. Jenkins v. Jenkins*, 112

The defendants filed this appeal on December 11, 1997, to which the appellee has replied. The appellee also cross-appeals.

### Questions Presented

The appellants ask:

1. Are plaintiff's contract claims against the State barred by sovereign immunity under Maryland Code, State Government Article § 12–202, where they were not filed within twelve months of the date on which the claim arose?

The appellee/cross-appellant asks the following questions, which we have rephrased:

2. Whether, under the circumstances, this Court should address the following interlocutory orders:

 a). Whether the circuit court erred in dismissing the causes of action asserted against Dr. Tschechtelin and the Trustees under the Maryland Declaration of Rights.

 b). Whether the circuit court erred in granting summary judgment in favor of Dr. Tschechtelin and the Trustees as to the causes of action asserted under 42 U.S.C. § 1983 for deprivation of due process.

 c). Whether the circuit court erred in granting summary judgment in favor of Dr. Tschechtelin as to the defamation claim.

 d). Whether the circuit court correctly denied the defendants' motion for summary judgment as to the causes of action asserting breach of contract and breach of the implied covenant of good faith and fair dealing.

---

Md.App. 390, 403, 685 A.2d 817 (1996), cert. denied, 344 Md. 718, 690 A.2d 524 (1997) ("When a written or oral opinion indicates that a written embodiment of the judgment will follow, the opinion cannot be a final, unqualified disposition."). We will give credence to the written order as we have found it and ask the circuit court to clarify the situation.

As to appellants' question, we answer yes, and as to the appellee/cross-appellant's question, question 2 above, we decline to address all interlocutory orders challenged by the appellee.

### Summary Judgment Standard of Review

The trial court, in accordance with Maryland Rule 2–501(e), shall render summary judgment forthwith if the motion and response show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. The purpose of the summary judgment procedure is not to try the case or to decide the factual disputes, but to decide whether there is an issue of fact that is sufficiently material to be tried. *See Goodwich v. Sinai Hospital of Baltimore, Inc.*, 343 Md. 185, 205–06, 680 A.2d 1067 (1996); *Hartford Insurance Co. v. Manor Inn of Bethesda, Inc.*, 335 Md. 135, 144, 642 A.2d 219 (1994). Thus, once the moving party has provided the court with sufficient grounds for summary judgment,

> the non-movant "must demonstrate that there is a genuine dispute of material fact by presenting facts that would be admissible in evidence." . . .
>
> In addition, those facts must be presented "in detail and with precision," general allegations are insufficient. Finally, in determining whether there is a genuine dispute of material fact, the court must resolve all inferences against the moving party.

*Goodwich*, 343 Md. at 206–07, 680 A.2d 1067 (citations omitted).

The Court of Appeals has held that "the standard to be applied in reviewing a trial court's granting of summary judgment is whether the trial court was legally correct." *Rosenblatt v. Exxon Company, U.S.A.*, 335 Md. 58, 69, 642 A.2d 180 (1994). In reviewing the grant of a summary judgment motion, we are concerned with two questions: whether there is a dispute of material fact and whether the moving party is entitled to judgment as a matter of law. *Murphy v. Merzbacher*, 346 Md. 525, 531, 697 A.2d 861 (1997); *Bowen v.*

*Smith,* 342 Md. 449, 454, 677 A.2d 81 (1996); *Rosenblatt,* 335 Md. at 68, 642 A.2d 180.

██ "A material fact is a fact the resolution of which will somehow affect the outcome of the case." *Goodwich,* 343 Md. at 206, 680 A.2d 1067 (quoting *King v. Bankerd,* 303 Md. 98, 111, 492 A.2d 608 (1985)). "A dispute as to a fact 'relating to grounds upon which the decision is not rested is not a dispute with respect to a *material* fact and such dispute does not prevent the entry of summary judgment.'" *Seaboard Surety Co. v. Richard F. Kline, Inc.,* 91 Md.App. 236, 242–43, 603 A.2d 1357 (1992) (quoting *Salisbury Beauty Schools v. State Board of Cosmetologists,* 268 Md. 32, 40, 300 A.2d 367 (1973)). "In Maryland, when there is a genuine issue of material fact, the evidence, or the inferences deducible therefrom, is sufficient to permit the trier of fact to arrive at more than one conclusion; consequently, the moving party is not entitled to judgment as a matter of law." *Goodwich,* 343 Md. at 207, 680 A.2d 1067. With these considerations in mind, we turn to the case *sub judice.*

### Sovereign Immunity

██ The doctrine of sovereign immunity is well established in Maryland. *ARA Health Services, Inc. v. Department of Public Safety and Correctional Services,* 344 Md. 85, 91, 685 A.2d 435 (1996); *Katz v. Washington Suburban Sanitary Comm'n,* 284 Md. 503, 507, 397 A.2d 1027 (1979); *Board of Trustees of Howard Community College v. John K. Ruff, Inc.,* 278 Md. 580, 584, 366 A.2d 360 (1976). The doctrine holds that neither the State nor its units may be sued without its consent. *ARA,* 344 Md. at 91–92, 685 A.2d 435; *Department of Natural Resources v. Welsh,* 308 Md. 54, 58–59, 521 A.2d 313 (1986). The State may, however, waive immunity by legislation and provision of funds necessary to meet potential judgments. *Condon v. State of Maryland–University of Maryland,* 332 Md. 481, 492, 632 A.2d 753 (1993); *Welsh,* 308 Md. at 58–59, 521 A.2d 313.

██ The Court of Appeals has set out the preliminary questions when the defense of sovereign immunity has been raised:

> (1) whether the entity asserting immunity qualifies for its protection; and, if so, (2) whether the legislature has waived immunity, either directly or by necessary implication, in a manner that would render the defense of immunity unavailable.

*ARA*, 344 Md. at 92, 685 A.2d 435.

### Qualifying Entity

██ Subtitle 5 of Title 16 of the Education Article of the Maryland Code governs BCCC. Section 16–503 describes BCCC as "an institution of higher education of the State of Maryland." Md.Code (1978, 1997 Repl.Vol.), § 16–503(b) of the Education Article (Maroon Volume). In *Ruff*, the Court of Appeals specifically dealt with the question of whether the Board of Trustees of Howard Community College was an agency of the State permitted to raise a defense of sovereign immunity. The Court held that it was. *Ruff*, 278 Md. at 591, 366 A.2d 360. There is no reason to question that BCCC (with its officers and trustees acting in their official capacity) is a State agency entitled to raise the defense of sovereign immunity.

### Existence of Valid Waiver

██ Since 1976, the General Assembly has barred sovereign immunity as a defense against contract claims under Subtitle 2 of Title 12 of the State Government Article. Sections 12–201 to 12–202 set forth the conditions, exclusions, and limitation of this statutory waiver. Md.Code (1984, 1995 Repl.Vol. & 1997 Supp.), §§ 12–201 to 12–202 of the State Government (SG) Article (Maroon Volume). Among these limitations is the stipulation that "[a] claim under this subtitle is barred unless the claimant files suit within 1 year after the later of: (1) the date on which the claim arose; or (2) the completion of the contract that gives rise to the claim." *Id.* § 12–202.

Given that appellee's contract claims (Counts I and II above) arose on February 17, 1995, the effective date of his termination, and he did not file his original complaint until February 28, 1996, it would seem that appellee has lost the benefit of the statutory waiver of sovereign immunity.

 Appellee argues, however, and the court below held that, despite the appellants' pleading of "sovereign immunity" in their original answer and "statute of limitations" in their amended answer, the filing deadline of SG § 12–202 is a statute of limitations that must be specially pled as an affirmative defense in accord with Md. Rule 2–323 or will otherwise be waived. This contention is incorrect. The rule in Maryland is that when a statute creating a cause of action contains a limitation period on the filing of such cause of action that limitation will not be considered an ordinary statute of limitations but rather a condition precedent to maintaining the cause of action. *Slate v. Zitomer*, 275 Md. 534, 542–43, 341 A.2d 789 (1975), *cert. denied sub nom. Gasperich v. Church*, 423 U.S. 1076, 96 S.Ct. 862, 47 L.Ed.2d 87 (1976); *Blocher v. Harlow*, 268 Md. 571, 581, 303 A.2d 395 (1973). This rule has been applied, *e.g.*, in the case of Maryland's wrongful death statute, *Waddell v. Kirkpatrick*, 331 Md. 52, 58–59, 626 A.2d 353 (1993), and, more important to the instant case, to the notice requirement of the statutory waiver of sovereign immunity for tort claims, the twin statute of SG § 12–202 that is at issue here. *Johnson v. Maryland State Police*, 331 Md. 285, 290, 628 A.2d 162 (1993).

 We therefore conclude that the one-year filing deadline of SG § 12–202 is a condition precedent to the maintenance of contract claims under the statutory waiver of sovereign immunity of SG § 12–201. We note that other jurisdictions have reached similar conclusions. *See, e.g., Orticelli v. Powers*, 197 Conn. 9, 495 A.2d 1023 (Conn.1985) (holding that limitation period in sovereign immunity waiver for tort claims was condition precedent to maintaining suit); *Levine v. Dade County School Board*, 442 So.2d 210 (Fla.1983) (same).

Appellee, having failed to bring an action within the time requirement of SG § 12–202, may not take advantage of the waiver of sovereign immunity of SG § 12–201. Because there has been no waiver, the conditions for applying sovereign immunity have been met and appellee's contract claims are thus barred.

### Collateral Order Doctrine

When we review an order considered final under the collateral order doctrine, the Court of Appeals has held that "Maryland Rule 8–131(d) provides that, on appeal from an order constituting a final judgment, other orders, even if interlocutory, are generally reviewable by the appellate court." *Montgomery County v. Stevens*, 337 Md. 471, 476, 654 A.2d 877 (1995). We have determined that review of such other orders is not mandatory. "We do not perceive, however, that the language utilized by the *Stevens* Court was intended by it to require this Court to resolve completely all other interlocutory adverse rulings." *Bradley v. Fisher*, 113 Md.App. 603, 605, 688 A.2d 527 (1997). We therefore exercise our discretion and decline to review the rulings raised by the appellee.

**JUDGMENT REVERSED AS TO THE ISSUE OF SOVEREIGN IMMUNITY. CASE REMANDED TO THE CIRCUIT COURT FOR DISPOSITION OF OUTSTANDING COUNTS V AND VII.**

**COST TO BE PAID BY APPELLEE.**